[No. B015571. Second Dist., Div. Four. Apr. 11, 1986.]

JAMES MOHLMANN, Plaintiff and Appellant, v.
CITY OF BURBANK et al., Defendants and Respondents.

1038

**COUNSEL**

J. Anthony Bryan for Plaintiff and Appellant.

Cotkin, Collins, Kolts & Franscell and Jeffrey M. Epstein for Defendants and Respondents.

**OPINION**

**SHIMER, J.**\*—Plaintiff and appellant, James Mohlmann, appeals from a dismissal of his complaint against defendant and respondent, City of Burbank (City), and five of its police officers, after a demurrer to his complaint was sustained, and the complaint dismissed. The issue presented is whether the provisions of Government Code section 945.3 preventing arrestees from suing police and their employers for false arrest while criminal charges following the arrest are pending, nonetheless required the arrestee to file a claim under the California Tort Claims Act.

For the reasons hereinafter set forth, we conclude that the demurrer was not properly sustained and reverse the dismissal.

### FACTS

Plaintiff filed a complaint in three causes of action against the defendants on December 5, 1983. The complaint contained three causes of action, for false arrest and imprisonment, and intentional and negligent infliction of

---

*Assigned by the Chairperson of the Judicial Council.

emotional distress arising out of plaintiff's arrest by the officer defendants on July 7, 1982. The complaint alleged that plaintiff was arrested without warrant and that a claim was filed by the plaintiff with the City on March 31, 1983, and rejected by the City on June 7, 1983.

Defendants demurred on the basis of Government Code section 911.2, which requires that a claim for relief from a government entity on account of injury to person or personal property must be presented to the public entity "not later than the 100th day after the accrual of the cause of action." The demurrer correctly pointed out that on the face of the complaint, the claim was presented more than 100 days after the arrest.[1]

 But the demurrer went further and attached to it, as the complaint did not do, copies of the claim filed by the plaintiff on March 31, a letter of rejection from the City on April 7, and plaintiff's amended claim filed April 28, 1983. Both the original claim and the amended claim state the criminal charge filed against the plaintiff following his arrest was dismissed on December 22, 1982, 99 days before the March 31 claim.[2]

Defendants argued that Government Code section 945.3, which was originally enacted by the Legislature in 1981 and was amended in 1983, barred plaintiff. As will be discussed later in this opinion, Government Code section 945.3 postpones the filing of suits against police officers for false arrest until the underlying criminal proceedings are concluded in the trial court. Plaintiff responded that the statute, in effect at the time of the arrest, postponed both the filing of the lawsuit and the date for filing a claim against the employing government entity.

Since the hearing on the demurrer was not reported, and since the minutes of the hearing merely recite that the demurrer was sustained with leave to amend, without setting forth any reasons or explanation, it must be assumed that the trial court agreed with defendant's argument.

---

[1]A cause of action for false arrest accrues on the arrest and is actionable immediately. There is no requirement that the arrestee allege favorable termination of the criminal proceedings. (*Collins* v. *Owens* (1947) 77 Cal.App.2d 713, 716 [176 P.2d 372].) *Cf.* malicious prosecution on account of criminal matters which requires the plaintiff to *allege* as well as prove that the criminal proceedings ended in acquittal or dismissal for lack of evidence. (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775].)

[2]The claim and the correspondence attendant thereto do not appear to be matters properly the subject of judicial notice. (Evid. Code, § 452; Code Civ. Proc., § 430.70.) Defendants' speaking demurrer offering "evidence" of plaintiff's claim was improper. (*Colm* v. *Francis* (1916) 30 Cal.App. 742 [159 P. 237].) But respondents cannot complain when their responsive pleading aids the plaintiff by plugging gaps in his complaint. "'The rule is well settled that a complaint which lacks the averment of a fact essential to a cause of action may be so aided by the averment of that fact in the answer as to uphold a judgment thereon.'" (*Wantz* v. *Union Bank & Trust Co.* (1934) 137 Cal.App. 98, 108 [29 P.2d 882].) There is no reason why an admission of "fact" in a demurrer may not similarly be employed.

Plaintiff sought reconsideration of the ruling and failed and then elected not to amend. On further motion made by the defendants, the action was ordered dismissed pursuant to Code of Civil Procedure section 581, subdivision 3. An order of dismissal was signed and filed and plaintiff filed a timely notice of appeal.

## DISCUSSION

As originally enacted in 1981, Government Code section 945.3 contained two paragraphs. The first paragraph provided that, in substance, a person charged with a crime could not bring a civil action for damages against a peace officer or the public entity employing the peace officer based on the conduct of the police officer relating to the criminal charge, "while the charges against the accused are pending before a justice, municipal, or superior court." The second paragraph of the statute provided that "Any applicable statute of limitations for filing and prosecuting these claims shall be tolled during the period that the charges are pending" before the court.

■ The statute was enacted, according to its proponents "to eliminate the use of civil damage complaints as plea bargaining levers." (Assem. Office of Research Mem. dated July 10, 1981.) It may also have been intended to prevent use of civil false arrest suits as a device to inquire into prosecutorial materials and investigative information while the criminal charge is pending.

In 1983 the statute was amended. We have not been furnished with, nor have we been able to locate, any legislative history which would assist in the interpretation of the amendment. It appears the original version may have been viewed as taking away from government a most important element of the California Tort Claims Act, Government Code section 810 et seq., the requirement that the prospective plaintiff file a written claim with the public entity within 100 days of the accrual of the cause of action. (Gov. Code, § 911.2.)

■ "The purpose of the claims statute is to permit the public entity to make an early investigation of the facts and to enable it to decide whether the problem calls for litigation or settlement. [Citations.]" (*Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198].) But in barring civil damage actions for false arrest until the criminal proceedings were completed or dismissed, the Legislature was establishing a condition precedent to the filing of such lawsuit and was perceived as delaying notification to the entity of the claim which might be asserted.

The Pacific Law Journal regularly publishes a review of recent legislation. Commenting on Senate Bill No. 511, which enacted the 1981 version of

Government Code section 945.3 as chapter 285 of the Statutes, volume 13 of the journal stated as follows at page 765: "Chapter 285 suspends the running of the claim period while charges are pending at the trial level, and apparently also suspends the running of the statute of limitations for prosecuting the civil action during the same period."

The 1983 amendments to Government Code section 945.3 were three. In the second paragraph of the statute quoted above, the word "claims" was stricken and the word "actions" was substituted. A third paragraph was added, eliminating designated criminal proceedings from the prohibitory provisions of the first paragraph. That paragraph has no application to the instant case.

The new fourth paragraph provided as follows: "Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2."

The 1983 amendment was embodied in chapter 272 of the Statutes of 1983, signed into law on July 14, and effective on January 1, 1984.

Commenting on Senate Bill No. 67, which enacted the amending chapter 272 of the Statutes in 1983, volume 15 of the Pacific Law Journal opined as follows at page 685: "Chapter 272 allows the defendant to file a claim with the board of a public entity while the criminal action is before the trial court. Significantly, however, the statute of limitations for the presentation of these claims is not extended."

Respondents contend the amendment did not change the law but "clarified" the law. Thus, respondents argue that when appellant was arrested on July 7, 1982, his cause of action for false arrest accrued immediately for purposes of Government Code section 911.2 and the 100-day claim filing requirement.

"We recognize, of course, that strictly speaking, the statutes requiring the presentation of a claim within one year [both sides agreed on the period but the opinion did not explain further] are not statutes of limitation. These statutes are comparable, however, to a statute of limitations and have the same effect, that is, the claim is barred unless presented within one year. Additionally, the purposes of the claims statute and a statute of limitations are similar." (*Myers* v. *County of Orange, supra,* 6 Cal.App.3d at pp. 636-637.)

While it is possible the Legislature did not intend to defer the claim filing requirement in enacting Government Code section 945.3, its ambig-

uous tolling of the "statute of limitations for filing and prosecuting these *claims*" requires that the ambiguity be interpreted in appellant's favor.

Since nothing in the statute as in effect during July-October, 1982 clearly, expressly, or even impliedly imposed any such requirement, respondents use the 1983 "clarification" to impose the duty of filing a claim with the City within 100 days of his arrest.

■ Alternatively, respondents contend for retroactive application of the 1983 enactment. Thus, they urge even if the 1981 statute did not divide the prosecution of litigation by an arrestee, so that a claim was required within 100 days under Government Code section 911.2, but a lawsuit could not be filed until after the criminal proceedings were completed, the prospective plaintiff arrested in 1982 would have had to file his claim by October 15, 1982, or be ousted of his suit by the retroactive application of the 1983 enactment. Respondents' authorities for such proposition do not withstand scrutiny.

■ "[A] statute which merely effects a change in civil procedure may have a valid retrospective application. [Citations.] In accordance with this principle it has been specifically held that the legislature may shorten or extend the period of the statute of limitations, *or similar time statutes* relating to procedure, and that the changed period may be made applicable to pending proceedings. [Citations.] There is, of course, one important qualification to the rule: where the change in remedy, as, for example, the shortening of a time limit provision, is made retroactive, there must be a reasonable time permitted for the party affected to avail himself of his remedy before the statute takes effect. If the statute operates immediately to cut off the existing remedy, or within so short a time as to give the party no reasonable opportunity to exercise his remedy, then the retroactive application of it is unconstitutional as to such party. [Citation.]" (*Rosefield Packing Co. v. Superior Court* (1935) 4 Cal.2d 120, 122-123 [47 P.2d 716]; italics added, see also 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 331, pp. 360-361.)

■ Under the 1981 version of Government Code section 945.3, appellant's claim was timely filed. Arguably, under the 1983 version, the claim was filed some six months too late. But appellant had to be given a reasonable time after the amended statute went into effect to file a claim and still be timely. Having filed a claim before the statutory change was even adopted, appellant cannot be ousted of his right to assert his causes of action.

Respondents cite general authorities dealing with legislative efforts to "clarify" a statute. But calling a material change a "clarification" will not make it so.

Similarly, respondents' reliance on a footnote in *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821 [114 Cal.Rptr. 589, 523 P.2d 629], is misplaced. The footnote states the general rule that legislation which merely clarifies existing law is applied retroactively, notwithstanding the purported general rule against retroactivity. But the 1983 enactment, which did not become effective until after the complaint was filed, did more than clarify the date for filing of the claim under Government Code section 911.2, in our view. It terminates an ambiguity in the 1981 version, which appeared to postpone the claim-filing date.

■ The complaint was defective on its face. It alleged a cause of action apparently accruing July 7, 1982, *requiring* the filing of a claim within 100 days thereof, and the actual filing of a claim more than 200 days after accrual. Thus, a demurrer properly should have been sustained, but for the fact, that the speaking demurrer (*Colm* v. *Francis, supra,* 30 Cal.App. 742) offered "evidence" not before the court in the complaint or otherwise, which supplemented the complaint and filled the holes. As so aided, the complaint was not deficient and the demurrer was erroneously sustained.

The judgment is reversed.

Kingsley, Acting P. J., and Arguelles, J., concurred.

The petition of respondent City of Burbank for review by the Supreme Court was denied July 9, 1986.