**David C. TORRES, Plaintiff–Appellant,**

**v.**

**CITY OF SANTA ANA; Paul Walters; Ernesto Conde; Eric Rimat; Judith Stanbra; Mark Bishop; Richard Bouchard; Michael Kuplast, Defendants–Appellees.**

**No. 95–56642.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1997.

Decided March 4, 1997.

---

Robert Mann, Los Angeles, California, for plaintiff-appellant.

Anthony J. Ferrentino, Kinkle, Rodiger & Spriggs, Santa Ana, California, for defendants-appellees.

Before: D.W. NELSON, TROTT, Circuit Judges, and BRYAN,\* District Judge.

D.W. NELSON, Circuit Judge:

David Torres appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the City of Santa Ana and individual defendants alleging civil rights violations that occurred when he was arrested by the Santa Ana police for prowling and resisting arrest. The district court concluded that Torres's complaint was time-barred by Cal.Gov't Code § 945.3. Torres claims that his cause of action is not time-barred because the statute of limitations should have been tolled by either a notice to appear or a petition for arraignment on probation violation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 1994, David Torres was arrested for committing two misdemeanors: prowling, in violation of Cal.Penal Code § 647(g), and resisting and obstructing an officer in the performance of his duties, in violation of Cal.Penal Code § 148. Torres was released after being cited for these violations and after he signed a notice to appear.

As a result of this arrest, Torres was formally notified that he was being charged with violating his probation, which had been imposed in September 1991 when Torres pled guilty to robbery in violation of Cal.Penal Code § 211. A petition for arraignment on probation violation was filed with the Orange County Superior Court on March 30, 1994. Torres subsequently admitted that he violated his probation.

On May 17, 1994, Officer Conde filed a complaint in the Municipal Court of Central Orange County on the two misdemeanor counts. On August 1, 1994, Torres appeared before the court to be arraigned on these

---

\* The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation.

charges. On that same day, Torres pled guilty to both counts and was sentenced to 20 days in the Orange County jail.

On June 30, 1995, Torres initiated this civil rights complaint against the City of Santa Ana and individual defendants. Torres alleged, *inter alia,* that the defendants violated his Fourth Amendment right not to be subjected to the use of excessive force when they permitted Torres to be "mauled" by a police dog during his March 3, 1994 arrest.

The defendants moved to dismiss Torres's complaint because it was filed one year and 119 days after his arrest and was therefore barred by California's one-year statute of limitations on civil actions arising from criminal proceedings. *See* Cal.Civ.Proc.Code § 340(3). Torres argued that the statute of limitations had been tolled from March 3, 1994, when he was served with a notice to appear, to August 1, 1994, when he was sentenced. *See* Cal.Gov't Code § 945.3.

The district court determined that the statute of limitations was tolled from May 17, 1994, when Officer Conde filed a complaint against Torres in the Municipal Court of Central Orange County, until August 1, 1994, when Torres was sentenced. Based upon this determination, the one-year statute of limitations was tolled for 77 days, which meant that Torres's civil rights complaint was late by 42 days. Accordingly, the district court concluded that Torres's complaint was time-barred, and therefore granted the defendants' motion to dismiss.

## DISCUSSION

■ We review de novo a district court's dismissal of an action on statute of limitations grounds. *Harding v. Galceran,* 889 F.2d 906, 907 (9th Cir.1989), *cert. denied,* 498 U.S. 1082, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991). The statute of limitations for § 1983 claims is determined by state law. *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995); *Galceran,* 889 F.2d at 907. Section 1983 claims are characterized as personal injury actions for statute of limitations purposes. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985); *Trimble,* 49 F.3d at 585. In Califor-

nia, the statute of limitations for personal injury actions is one year. *See* Cal.Civ.Proc. Code § 340(3); *Elliott v. City of Union City,* 25 F.3d 800, 802 (9th Cir.1994).

■ State law also governs the application of tolling doctrines. *Hardin v. Straub,* 490 U.S. 536, 543–44, 109 S.Ct. 1998, 2002–03, 104 L.Ed.2d 582 (1989). "In California, the statute of limitations for section 1983 actions is tolled by Cal.Gov't Code § 945.3 while criminal charges are pending." *Trimble,* 49 F.3d at 585. Section 945.3 reads:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal, or superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court.

Cal.Gov't Code § 945.3. Under this section, "criminal charges are 'pending' until the date of judgment." *McAlpine v. Superior Court,* 209 Cal.App.3d 1, 3, 257 Cal.Rptr. 32 (Cal.Ct. App.1989).

### A. The Notice to Appear

Torres claims that the notice to appear that he signed on March 3, 1994, constitutes an "accusatory pleading" that was "pending before a justice, municipal, or superior court" and therefore tolls the statute of limitations on his § 1983 claim.

Torres is correct in one respect: The notice to appear does constitute an "accusatory pleading." Section 853.6 of the California Penal Code provides that where a person is arrested for a misdemeanor, the arresting officer "shall prepare … a written notice to appear in court, containing the name and address of the person, *the offense charged,* and the time when, and place where, the

person shall appear in court." Cal.Penal Code § 853.6(a) (emphasis added). On its face, a notice to appear charges the arrestee with a criminal violation. There is no reason to believe that the phrase "other accusatory pleading charging a criminal offense" contained in § 945.3 fails to include a notice to appear that, by definition, describes the offense with which the arrestee is charged.

■ Torres's argument ultimately fails, however, because the charges were not filed with a court until May 17, 1994. The statute of limitations is tolled only while the charges against the accused "are *pending* before a justice, municipal, or superior court." Cal. Gov't Code § 945.3 (emphasis added). The charges against Torres were not "pending before a justice, municipal, or superior court" until Officer Conde filed a complaint in the Municipal Court of Central Orange County on May 17, 1994.

This conclusion is supported by a plain reading of the statutory provisions governing notices to appear. In the case of a misdemeanor, a notice to appear "shall be filed with the magistrate if the prosecuting attorney has previously directed the officer to do so," Cal.Penal Code § 853.6(e)(2), or "with the prosecuting attorney" if he or she has not directed the officer to file the notice with the magistrate. Cal.Penal Code § 853.6(e)(3). If the prosecuting attorney has not directed the officer to file the notice with the magistrate, "he or she, within his or her discretion, may initiate prosecution by filing the notice or a formal complaint with the magistrate ... within 25 days from the time of arrest." Cal.Penal Code § 853.6(e). Notably, "[t]he failure by the prosecutor to file the notice or formal complaint within 25 days of the time of the arrest shall not bar further prosecution of the misdemeanor charged in the notice to appear. *However, any further prosecution shall be preceded by a new and separate citation or an arrest warrant.*" *Id.* (emphasis added). The complaint against Torres was not filed within 25 days of his arrest. Accordingly, his prosecution technically could not have been based

upon the March 3 notice to appear. Strictly speaking, the charges against him were not pending before a court until Officer Conde filed the May 17 complaint.

Torres's policy argument ignores this court's decision in *Galceran.* Torres emphasizes that § 945.3 was enacted by the California legislature "to eliminate the use of civil damage complaints as plea bargaining levers." *Mohlmann v. City of Burbank,* 179 Cal.App.3d 1037, 1042, 225 Cal.Rptr. 109 (Cal.Ct.App.1986). Certainly, an arrestee might initiate a civil complaint upon receipt of a notice to appear in order to deter the prosecutor from "initiat[ing] prosecution by filing the notice [to appear] or a formal complaint with the magistrate." Cal.Penal Code § 853.6(e). In order to effectuate the policy behind § 945.3, Torres argues, this court should treat the notice to appear as an accusatory pleading that has been filed with a court.

The problem with this argument is that it has been rendered meaningless by *Galceran. Galceran* equips Torres with a plea bargaining lever, despite the purpose behind § 945.3. *Galceran* holds that § 945.3 does not prohibit a criminal defendant from bringing a § 1983 action in federal court while state criminal charges are pending. *Galceran,* 889 F.2d at 908, 909. Accordingly, Torres was permitted to bring his § 1983 claim in federal district court at any time during the year following his arrest, regardless of whether state criminal charges were pending against him. *Galceran* indicates that the legislative policy behind § 945.3, and thus Torres's policy argument on appeal, is overcome by the purpose behind § 1983.[1]

### B. The Petition for Arraignment on Probation Violation

The statute of limitations on Torres's civil complaint is tolled by the petition for arraignment on probation violation only if the misconduct alleged by his complaint is related to the offense charged by the petition. *See* Cal.Gov't Code § 945.3 (statute of limitations is tolled for a civil action against a

---

1. Of course, Torres's policy argument might prevail where an arrestee files *state* claims against law enforcement officials insofar as such claims

may not be filed while state criminal charges are pending against the arrestee. We leave this issue to the state courts.

peace officer where that action is "based upon conduct of the peace officer *relating to the offense for which the accused is charged*") (emphasis added).

 Torres's civil complaint is not related to the petition for arraignment because Torres's probation pertains to his 1991 robbery conviction, and not to his 1994 arrest. In *Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991), the California Supreme Court considered the analogous issue of whether collateral estoppel bars the state from prosecuting a defendant for behavior that triggered a probation revocation hearing where the state had failed to prove a probation violation at that hearing. The court held that collateral estoppel does not apply in such a context. Drawing a distinction between a probation revocation hearing and a criminal trial, the *Lucido* court noted that a "[probation] revocation hearing arises as a continuing consequence of the probationer's original conviction; any sanction imposed at the hearing follows from that crime, not from the substance of new criminal allegations against the probationer." *Id.* at 348, 272 Cal.Rptr. 767, 795 P.2d 1223. The *Lucido* court also explained that a subsequent criminal trial does not place the defendant twice in jeopardy where a probation violation hearing has already been conducted: "[B]ecause the hearing ... neither threatens the probationer with the stigma of a new conviction nor with punishment other than that to which he was already exposed as a result of his earlier offense, it does not place the probationer in jeopardy." *Id.* These dicta indicate that although probation violation proceedings may be *triggered* by a new offense, those proceedings *relate* only to the original offense for which probation was first imposed.

Applying this principle to the case at bar, it is evident that the March 30 petition for arraignment on probation violation does not toll the statute of limitations under Cal.Gov't Code § 945.3: Although the petition was *triggered* by the arrest upon which Torres's civil complaint is based, it *relates* only to Torres's original conviction for robbery.

## CONCLUSION

We hold that the statute of limitations was tolled from May 17, 1994, until August 1, 1994, when judgment was entered against Torres. Torres's claims were tolled for 77 days. Torres's complaint was filed on June 30, 1995, one year and 119 days after his cause of action accrued on March 3, 1994. Thus, Torres's complaint was 42 days late. AFFIRMED.[2]

---

2. Because we affirm the district court's decision that Torres's action was time-barred, we need not consider the district court's dismissal on the alternative ground that Torres failed to timely file an opposition as required by local rules.