131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobbie L. CELESTINE, Plaintiff-Appellant,
v.
Mike FOSTER, Governor of the State of Louisiana; Richard
Stalder, Secretary of the Dept. of Correction and Public
Safety; Ronald Bonnvillian, Executive Assistant, Board of
Parole, Public Safety & Corrections; William Whittington,
Superintendent of LA, State Police, Criminal Records
Division; Charles Jagneaux, Clerk of Court for the 27th
Judicial District Court, St. Landry Parish; Steve Crooks,
Clerk of Court forthe 28th Judicial District Court, LaSalle
Parish, Defendants-Appellees.
 No. 97-15750.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-96-20848-RMW; Ronald M. Whyte, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bobbie L. Celestine appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that a Louisiana state-law criminal conviction and a subsequent California fugitive arrest warrant issued at the behest of Louisiana state officials violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal on statute of limitations grounds, see Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir.1997), and we affirm.
 
 
 3
 Because § 1983 contains no specific statute of limitations, we borrow state statutes of limitations for personal injury actions in § 1983 suits. See Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991). Because the applicable statute of limitations in both California and Louisiana is one year, see Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993) (California); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir.1989) (Louisiana), we need not decide which state's statute of limitations applies to this action. Because Celestine's complaint refers to allegedly unconstitutional conduct which occurred in the 1960's and 1970's, and his complaint was filed on September 30, 1996, the district court correctly dismissed Celestine's complaint on statute of limitations grounds. See Torres, 108 F.3d at 226.
 
 
 4
 Because it is clear from the allegations in Celestine's complaint that his action is barred by the applicable statute of limitations, the district court correctly dismissed the complaint without giving Celestine an opportunity to amend his complaint. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Because Celestine argues on appeal that Heck v. Humphrey, 512 U.S. 477 (1994), does not preclude his § 1983 action, we reject his argument that Heck tolls the statute of limitation on his claims.
 
 
 6
 Because we affirm the district court's dismissal on statute of limitations grounds, we need not reach Celestine's contentions that the district court had personal jurisdiction over the defendants and that the district court erred by not transferring his action to the United States District Court for the Eastern District of California.
 
 
 7
 Because Celestine is no longer in custody, the district court properly refrained from construing his § 1983 complaint as a petition for a writ of habeas corpus.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.. 34(a); 9th Cir. R. 34-4. Accordingly, Celestine's request for oral argument is denied. We also deny Celestine's request for a settlement conference
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3