132 F.3d 38
 11 NDLR P 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick CADELLI, Plaintiff-Appellant,
v.
UNITED TRANSPORTATION UNION, AFL-CIO, Defendant-Appellee.
 No. 97-55301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Jr., District Judge, Presiding
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rick Cadelli appeals pro se the district court's dismissal as time-barred of his action against the United Transportation Union ("Union") for discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and physical disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal on statute of limitations grounds, see Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir.1997), and we reverse and remand.
 
 
 3
 Cadelli contends that the district court erred by concluding that his Title VII and ADA claims were time-barred. Cadelli asserts that he filed his district court complaint within ninety days of receipt of the right-to-sue letter from the Equal Employment Opportunity Commission. ("EEOC") as required by 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a). This contention has merit.[1]
 
 
 4
 "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir.1988). Statements of fact contained in briefs may be considered party admissions in the discretion of the district court. See id. at 226-27. Where "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859-60 (9th Cir.), cert. denied, 116 S.Ct. 170 (1995).
 
 
 5
 In his complaint and first amended complaint, Cadelli asserts that he received the right-to-sue letter on February 28, 1996. Because he filed his complaint in district court more than ninety days later, on May 29, 1996, the district court concluded it was untimely. See 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a).
 
 
 6
 The district court, however, failed to address Cadelli's statement in his opposition to the Union's motion to dismiss that he did not actually receive the right-to-sue letter until March 8, 1996. Because Cadelli's assertion may have retracted the judicial admission contained in his complaint, we reverse and remand for the district court to accord due weight to his explanation for the error and to determine whether Cadelli's claims were timely. See Sicor Ltd., 51 F.3d at 860 (holding that a statement contained in a memorandum in opposition to summary judgment retracted an earlier judicial admission contained in a complaint); American Title Ins. Co., 861 F.2d at 226-27
 
 
 7
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellant's request for oral argument is denied. Appellee's motion to strike Appellant's opening brief and Appellee's motion to strike Appellant's reply brief are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not address the district court's conclusion that Cadelli's state law claims against the Union were time-barred because Cadelli failed to "specifically and distinctly" argue that this conclusion was in error. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986)