141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elsa FISTA, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 97-55801.
D.C. No. CV-96-06347-MC.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 Appeal from the United States District Court for the Central District of California James W. McMahon, Magistrate Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elsa Fista appeals the district court's dismissal of her action seeking review of the Commissioner of Social Security's denial of her application for disability insurance benefits. The district court concluded that the action was barred by the sixty-day statute of limitations set forth in 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir.1997), and we affirm.
 
 
 3
 Fista contends that the district court erred by concluding that her action was barred by the statute of limitations. We disagree. In order to obtain review of a final decision of the Commissioner of Social Security, the applicant must file an action in district court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The final decision denying Fista's application for disability insurance benefits is dated June 21, 1996. The last day within which to file an action seeking judicial review of the final decision was August 25, 1996. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Because Fista did not file her action in district court until September 10, 1996, her action is barred by the statute of limitations. See id.
 
 
 4
 Fista argues that the statute of limitations did not begin to run until July 8, 1996, because the notice of final decision was mailed to her at an incorrect address and she did not receive a copy until July 8, 1996. This argument lacks merit because notice of the final decision was properly mailed to Fista's attorney. Fista's attorney received the notice on June 24, 1996. Under 20 C.F.R. § 404.1715(b), "[a] notice or request sent to your representative, will have the same force and effect as if it had been sent to you."
 
 
 5
 Fista finally contends that the district court erred by concluding that there was no basis for an equitable tolling of the statute of limitations. We disagree. Because both Fista and her attorney were aware of the filing deadline well before its expiration, the district court properly determined that there was no basis for equitable tolling. Cf. Bowen v. City of New York, 476 U.S. 467, 480-81, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Fista's remaining contentions lack merit.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3