**Allan R. JOYCE, Plaintiff—Appellant,**

v.

**Mark TAKAI; et al., Defendants— Appellees.**

No. 01–56309.
D.C. No. CV–00–07217–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

## MEMORANDUM**

Allan R. Joyce appeals pro se the district court's judgment dismissing his civil

* The panel unanimously finds this case suitable for decision without oral argument and therefore denies the parties' motions for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

rights action pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo, *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000). We affirm.

Joyce contends the district court erred by dismissing as untimely his claims alleging unlawful seizure of videotapes and official cover-up. We disagree.

The district court properly concluded the videotape claim was time-barred because Joyce filed this action more than one year after his criminal proceedings ended and the criminal court's suppression of the videotapes put Joyce on notice of a possible claim. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 379–380 (9th Cir.1998) (stating claim accrues when plaintiff has reason to know the basis of the alleged injury); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir.1997) (stating California's one-year statute of limitations tolled during pendency of criminal proceedings).

The district court properly found the cover-up claim was untimely because the confidential informant's testimony placed Joyce on notice that he might have a claim against Detective Takai more than a year before Joyce filed this action. *See Cabrera*, 159 F.3d at 381. We are therefore unpersuaded by Joyce's contention that either the discovery rule or defendant's alleged fraudulent concealment of information tolled the statute of limitations beyond the conclusion of the criminal proceedings. *See Fed. Election Comm'n v. Williams*, 104 F.3d 237, 241 (9th Cir.1996) (discussing fraudulent concealment and discovery rule).

We reject Joyce's remaining contentions. We have not considered arguments raised for the first time in Joyce's reply brief. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the