William Jeffrey GILLIAM,
Plaintiff—Appellant,

v.

CITY OF SANTA ROSA, CALIFORNIA:
Bob Smith; Mikell Bryan; Joan Cooper; General Dynamics Corporation; Sonoma County; Timothy Werner; J. Pederson, Defendants—Appellees.

No. 04–15990.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2006.*

Decided June 28, 2006.

William Jeffrey Gilliam, Danville, CA, pro se.

Matthew J. LeBlanc, Santa Rosa City Attorney, Marshall E. Bluestone, Senneff Freeman & Bluestone, LLP, Santa Rosa, CA, for Defendants–Appellees.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,** District Judge.

MEMORANDUM ***

William Jefferson Gilliam appeals the district court's dismissal of his 42

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

U.S.C. § 1983 complaint as time-barred. He also appeals the district court's denial of his motion to disqualify the district judge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review *de novo* a district court's dismissal of a plaintiff's claims on statute of limitations grounds." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 378 (9th Cir.1998). "We review the denial of a motion for disqualification for abuse of discretion." *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir.1997).

It is undisputed that Gilliam's complaint was filed more than a year after his arrest. Gilliam contends that his § 1983 causes of action did not accrue until his bail was exonerated. The accrual rule derived from *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Harvey v. Waldron*, 210 F.3d 1008, 1013–14 (9th Cir.2000) does not apply because there was no "pending criminal prosecution" against Gilliam after June 28, 2001, when Gilliam was "discharged" and "no complaint was filed" against him. A "booking charge" does not constitute a "pending charge" for purposes of tolling. *See Torres v. City of Santa Ana*, 108 F.3d 224, 227 (9th Cir.1997) (concluding, for purposes of tolling under Cal. Gov't Code § 945.3, that no charge is "pending" until a criminal complaint is actually filed after an arrest); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) ("In California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges are pending."). Non-exoneration of bail does not mean a corresponding criminal proceeding is pending. The Superior Court's 15–day delay of Gilliam's exoneration of bail does not constitute a delay of dismissal. *See* Cal.Penal Code § 1303 (stating that bail exoneration *automatically* extends 15 days from dismissal).

The district court properly dismissed Gilliam's claim that the County engaged in a section 1985 conspiracy. Gilliam failed to allege sufficient specific facts to support his claim. *See, e.g., Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988).

Gilliam also argues that the conspiracy was a "continuing violation" in that he alleged incidents from 2002. His argument fails because, even assuming the 2002 allegations are true, they are not sufficiently related to the prior June 13, 2001, arrest to be part of a "continuing" constitutional violation. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir.2002).

■ The district court's denial of Gilliam's motion to recuse was not an abuse of discretion. Cooper's letters are not reason for disqualification. *See United States v. Winston*, 613 F.2d 221, 223 (9th Cir. 1980). Moreover, the district court correctly denied the recusal request because it was late, having been filed after the court's adverse rulings. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir.1992); *Preston v. United States*, 923 F.2d 731, 733 (9th Cir.1991).

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.