**Clifford L. JACKSON, Plaintiff—Appellant,**

v.

**Kevin MCMILLEN and James Menard, Defendants—Appellees.**

**No. 06–15415.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Sept. 27, 2007.

Clifford L. Jackson, Salinas, CA, pro se.

Sandra Lee, Esq., Office of the City Attorney, San Jose, CA, for Defendants–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Clifford L. Jackson, a California state prisoner, appeals pro se from the district court's judgment dismissing as untimely his 42 U.S.C. § 1983 action alleging City of San Jose police officers falsely arrested him in April 1998. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

de novo, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

The district court properly concluded that Jackson's action, filed in March 2005, was untimely even with the benefit of tolling under California law. *See Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir.2004) (noting that Cal.Civ.Proc.Code § 335.1's two-year statute of limitations applies to section 1983 actions in federal district court in California); *Johnson v. State of Cal.,* 207 F.3d 650, 654 (9th Cir.2000) (noting that Cal.Civ.Proc.Code § 352.1(a) provides for a maximum of two years of tolling of prisoners' claims); *Torres v. City of Santa Ana,* 108 F.3d 224, 226 (9th Cir. 1997) ("In California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges are pending.").

Jackson's claims against defendants accrued on the day he was arrested. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 n. 7 (9th Cir.1998) (holding that a false arrest claim that does not necessarily attack the validity of plaintiff's conviction accrues on the date of arrest). We reject Jackson's contention that his claim accrued on the day he was released from prison.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without **oral argument.** *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.