**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEAN RODNEY ORTH,

        Plaintiff - Appellant,

  v.

DENNIS BALAAM; JOSEPH LEVER; REED THOMAS; DENISE GENIO; MARY BOXX; WASHOE COUNTY SHERIFF'S DEPARTMENT; KENNETH HAMMON; DAVE KELLER; TAMMY M. RIGGS; DAVID CLIFTON,

        Defendants - Appellees.

No. 11-16182

D.C. No. 3:06-cv-00481-LRH-RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 19, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Sean Orth appeals pro se the district court's unfavorable decision in his § 1983 action arising out of his arrest and pretrial detention on a retake warrant issued by the Second Judicial District Court ("SJDC") of Washoe County, Nevada. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court's dismissal on statute of limitations or absolute immunity grounds is reviewed de novo. *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997); *Buckwalter v. Nevada Bd. of Medical Examiners* 678 F.3d 737, 739 (9th Cir. 2012). Allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *See Buckwalter*, 678 F.3d at 739.

"We review de novo a district court's ruling on cross-motions for summary judgment, including rulings based on qualified immunity." *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013). Summary judgment is appropriate if, when the evidence is viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). The denial of leave to amend is reviewed for an abuse of discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

The district court properly dismissed Counts 1, 2, 4, and 5 as time-barred, because Orth failed to bring his false arrest claims within two years of their accrual on July 1, 2005. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (holding that a claim for false arrest accrues once an individual is held pursuant to legal process). Orth's malicious prosecution claims were properly dismissed because they were based on conduct arising before legal process had issued. *See id.* at 390.

Count 6 was properly dismissed because prosecutors are entitled to absolute immunity for their actions in procuring a warrant, so long as they do not act as attesting witnesses. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Burns v. Reed*, 500 U.S. 478, 492 (1991). The fact that the SJDC did not have jurisdiction to issue the retake warrant does not strip the prosecutors of their absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

The district court properly granted summary judgment to defendants on Count 3. The registered occupant of the motel room in which Orth was a guest consented to the search, and the evidence shows the consent was voluntary. *See United States v. Watson*, 423 U.S. 411, 424-25 (1976). To the extent that Orth claims that the occupant was unlawfully seized, he does not have standing to bring that claim. *See Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369

3

(9th Cir. 1998) ("the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights").

Officer Thomas was entitled to summary judgment on Orth's claims in Count 7. Orth's Fourth Amendment claim fails because even if Officer Thomas had omitted information concerning the retake warrant, probable cause existed for the warrant, thus giving the SJDC a separate and independent basis for issuing it. *See Smith v. Almada*, 640 F.3d 931, 937-38 (9th Cir. 2011). Moreover, because probable cause existed, Orth's malicious prosecution claim fails. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("probable cause is an absolute defense to malicious prosecution."). Lastly, Orth's Fourteenth Amendment claim fails because there is no evidence that Officer Thomas had any involvement in the delay in bringing Orth before a magistrate after his arrest on the retake warrant. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

The district court properly granted summary judgment to Sheriff Balaam on Count 8, alleging violations of the Fourth and Fourteenth Amendments. Regarding Orth's due process claim, there is no evidence that Sheriff Balaam participated in the delay in Orth's appearance before the magistrate; nor is there evidence that he promulgated a policy causing that delay. *See id.*; *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). As to Orth's Fourth Amendment claim, Sheriff Balaam is

4

entitled to qualified immunity because it was reasonable for him to have held Orth based on a warrant that was valid on its face. *See Barlow v. Ground*, 943 F.2d 1132, 1139-40 (9th Cir. 1991).

The defendants were entitled to summary judgment on Count 9, alleging that Reno Police Officers and members of the Washoe County Sheriff's Department conspired to deprive Orth of his constitutional rights, because there is no evidence that the defendants had an agreement to deprive Orth of his rights. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (to prevail on a conspiracy claim, a plaintiff must show an agreement to violate constitutional rights).

The district court properly granted summary judgment to defendants on Count 10, alleging that the conditions of Orth's pretrial detention constituted punishment without due process. Orth's placement in Behavioral Review, a form of administrative segregation, was reasonably related to the detention facility's legitimate objective of maintaining safety and security; it therefore did not amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979) ("[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting"). To the extent that Orth argues that he was entitled to a hearing before his placement in Behavioral Review, his claim fails because he was not

deprived of a liberty interest. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

Finally, the district court did not abuse its discretion in denying Orth leave to file a third amended complaint. Once the court has set a scheduling order under Federal Rule of Civil Procedure 16, that order limits the time in which a party may amend its pleading and may be modified only for good cause. Fed. R. Civ. Pro. 16(b). Orth failed to show good cause for his belated motion to amend his complaint. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Orth's remaining contentions lack merit.

**AFFIRMED.**