**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRYON LARRY SMITH, | No. 11-56317 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-09219-JAK |
| v. | |
| NATHAN KOURI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Tyron Larry Smith appeals pro se from the district

court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging

that defendants used excessive force while taking him into custody on December 7,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2005.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly dismissed Smith's action with prejudice because, although the statute of limitations was tolled until Smith turned eighteen on February 10, 2007, *see* Cal. Civ. Proc. Code § 352(a) (tolling if person is under the age of majority at the time the claims accrued), Smith did not file his complaint until November 30, 2009, more than nine months after the two-year limitations period expired on February 10, 2009.  *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Jones*, 393 F.3d at 927 (for § 1983 claims, the courts apply the forum state's statute of limitations for personal injury claims); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (a § 1983 "claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation omitted)).

The district court properly declined to apply tolling pursuant to Cal. Civ. Proc. Code § 352.1 which states that prisoners are entitled to two years of statutory tolling, because at the time Smith's claims accrued, Smith was not imprisoned on a criminal charge.  *See* Cal. Civ. Proc. Code § 357 ("No person can avail himself of a disability, unless it existed when his right of action accrued."); *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994) (explaining that "actual,

uninterrupted incarceration is the touchstone" for assessing tolling in post-arrest custody situations) (citation omitted)).

We reject Smith's contention that he may invoke tolling pursuant to Cal. Gov't Code § 945.3. *See Torres v. City of Santa Ana*, 108 F.3d 224, 227 (9th Cir. 1997) (concluding, for purposes of tolling under Cal. Gov't Code § 945.3, that no charge is "pending" until a criminal complaint is actually filed after an arrest).

**AFFIRMED.**

11-56317