Filed 1/21/21  Law v. City of L.A. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| IVAN LAW,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>Defendant and Respondent. | B302610<br><br>(Los Angeles County<br>Super. Ct.<br>No. 19STCV17920) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Ivan Law, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Scott Marcus and Blithe S. Bock Assistant City Attorneys, for Defendant and Respondent.

————————————

Ivan Law sued the City of Los Angeles (hereafter the City) for various torts, accusing Los Angeles Police Department officers of negligently handling the criminal investigation against him and then falsely arresting him. The trial court sustained the City's demurrer without leave to amend and denied Law's motion to disqualify the trial judge. Law appeals the judgment after dismissal and the denial of his motion to disqualify. We affirm.

## BACKGROUND

The incident that led to Law's arrest and incarceration occurred on July 24, 2016, when Law defended himself from an attack in his apartment by shooting his assailant. Law was arrested and charged with attempted murder the day after the attack. He was arraigned on July 27, 2016 and remained in custody until July 10, 2018 when he was acquitted after a jury trial.

On November 24, 2018, Law presented a tort claim to the City, which it denied on February 8, 2019 on the grounds that his claim was untimely.

In May 2019, Law sued the City for negligent retention and supervision, false arrest, malicious prosecution, vandalism, slander, libel, and abuse of process. The complaint did not specify a cause of action for false imprisonment, but contained allegations that Law was falsely imprisoned. The complaint alleged that the police officers working on Law's case negligently conducted the criminal investigation, causing Law to be falsely imprisoned for two years. Law alleged that he lost his business because of his incarceration and because the officers destroyed two of his computers that Law used for his music recording business. Law also claimed that the officers committed perjury at his preliminary hearing and trial and slandered him, by

2

accusing him of having "a moral standard so low that he would shoot a man that could not rap."

The City demurred to Law's complaint on the grounds that his complaint was vague and uncertain and that his lawsuit was barred because he failed to submit a timely government claim pursuant to the Government Claims Act (Gov. Code, § 810 et seq.). The trial court sustained the City's demurrer without leave to amend. In its minute order, the trial court indicated that it was adopting its oral tentative ruling and sustaining the demurrer based on the grounds set forth in the moving papers.

Law moved to recuse the trial judge asserting that he refused to consider Law's arguments. The trial court denied the motion and this appeal followed.[1]

## DISCUSSION

Law argues that the trial court erred in sustaining the City's demurrer without leave to amend on the ground that his causes of action were time barred. The City maintains its argument that Law failed to timely submit a tort claim pursuant to the Government Claims Act. We agree with the City. We therefore need not consider the City's other arguments, raised for the first time on appeal, that Law's causes of action were also barred by the litigation privilege or by specific statutory immunities.

---

[1] Law elected to proceed without a reporter's transcript on appeal.

3

I.    Law's causes of action are barred for failure to comply with the Government Claims Act.

We independently review the sustaining of a demurrer and whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense.  (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  We construe the pleading in a reasonable manner and read the allegations in context.  (*Ibid.*)  We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment.  (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1082.)  The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action.  (*Ibid.*)  The plaintiff can make that showing for the first time on appeal.  (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386.)

We agree with the City that each of Law's claims are barred because he failed to present a timely claim to the City pursuant to the Government Claims Act.

The Government Claims Act regulates lawsuits for money or damages against a public entity or employee and establishes certain prerequisites a plaintiff must meet before he or she can maintain an action.  (*DiCampli-Mintz v. County of Santa Clara*

4

(2012) 55 Cal.4th 983, 989.)  A claim for personal injury must be presented to the public entity within six months after accrual of the cause of action.  (Gov. Code, § 911.2, subd. (a).)  Failure to timely present a claim to a public entity bars a plaintiff from filing a lawsuit against that entity.  (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.)  To overcome a demurrer for failure to state a cause of action, the plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement.  (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

Law cannot overcome this burden.  His complaint alleged causes of action for negligence, false arrest, vandalism, slander, defamation, and abuse of process.  Causes of action for negligence and property damage (vandalism) accrue when a plaintiff knows or has reason to suspect the factual basis for those causes of action.  (See *Torres v. Department of Corrections & Rehabilitation* (2013) 217 Cal.App.4th 844, 849.)  Law alleged that he knew he had been arrested falsely and that his computers were destroyed by the officers during the investigation.  Thus, those causes of action accrued on the date of his arrest or shortly thereafter.  Likewise, a cause of action for false arrest accrues on the date of the arrest.  (*Mohlmann v. City of Burbank* (1986) 179 Cal.App.3d 1037, 1041, fn. 1.)  Defamation and libel causes of action accrue when the defamatory statement is published or communicated to others.  (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1237; *Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931–932.)  Law alleged that the defamatory statements were made by the officers during his preliminary hearing held on August 9, 2016.  The limitations period for a claim of abuse of process accrues when the process begins, which, again, was the date of

5

his arrest.  (*McFaddin v. H. S. Crocker Co.* (1963) 219 Cal.App.2d 585, 590.)

Accordingly, Law had six months from the date of his arrest and arraignment (or at the latest the date of his preliminary hearing) to present a claim to the City, but he missed that deadline by almost two years when he filed his claim on November 24, 2018.  This defect cannot be cured through amendment; thus the trial court did not abuse its discretion when it denied leave to amend.

Although Law did not allege a separate cause of action for false imprisonment, his complaint repeats the allegation that he was falsely imprisoned.  We liberally construe the allegations of the complaint and assume that Law is making a false imprisonment claim.  (See *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1557.)  Even so, Law's claims are barred.

Generally, a false imprisonment cause of action accrues when the arrestee is released from confinement.  (*Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451, 455.)  However, to distinguish between claims for false imprisonment and malicious prosecution, our Supreme Court held that a false imprisonment claim ends once legal process begins.  (*Asgari v. City of Los Angeles* (1997) 15 Cal.4th 744.)  In *Asgari*, the plaintiff was arrested and remained in prison until his acquittal seven months later.  (*Id.* at p. 751, fn. 2.)  He sued the City for false imprisonment and recovered a substantial damages award. The Supreme Court granted review to decide whether the trial court erred by instructing the jury that the City was liable for damages to plaintiff resulting from his false imprisonment after formal legal proceedings began, i.e., after the district attorney

6

filed formal charges.  (*Id.* at p. 748.)  *Asgari* held that this instruction was error, and that the plaintiff was not entitled to damages for false imprisonment attributable to the period of incarceration that followed his or her arraignment on criminal charges.  (*Ibid.*)  "To allow a plaintiff who brings an action for false imprisonment to recover damages suffered as a result of incarceration after the arrestee has been arraigned on formal charges (or after a grand jury has returned an indictment) effectively would nullify, in part, the statutory immunity for malicious prosecution."  (*Id.* at p. 754.)  Here, although Law remained in custody, the legal process began after he was properly arraigned.  Therefore, to the extent Law has alleged a cause of action for false imprisonment, that cause of action accrued on the date of his arraignment on July 27, 2016.  He had six months from that date to present his claim, but he was two years late.

II.    Law cannot challenge the denial of his motion to disqualify on appeal.

Law also challenges the judgment in part based on the denial of his motion to disqualify the trial judge after he sustained the City's demurrer.  However, Law's challenge is not reviewable on appeal from the judgment.  "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding."  (Code Civ. Proc., § 170.3, subd. (d).)  A petition for writ of mandate is the exclusive method for obtaining appellate review of the denial of a judicial disqualification motion.  (*People v. Freeman* (2010) 47 Cal.4th 993, 1000.)  Law's failure to

7

prosecute his challenge to the trial court's disqualification ruling by way of a petition for writ of mandate is dispositive.

Notwithstanding the exclusive remedy by way of a petition for writ of mandate, due process entitles a person "to an impartial and disinterested tribunal in both civil and criminal cases." (*Marshall v. Jerrico, Inc.* (1980) 446 U.S. 238, 242.) Thus, a party " 'may assert on appeal a claim of denial of the due process right to an impartial judge.' " (*People v. Panah* (2005) 35 Cal.4th 395, 445, fn. 16.) We construe Law's argument to include a due process argument in order to consider his claim. This, however, does not change the outcome. Law argued that the trial judge refused to consider his arguments. This claim is not supported by the record. The trial court considered Law's opposition to the City's demurrer and oral argument but disagreed with Law's position. The fact that the trial court ruled against Law does not indicate the trial judge was biased. (See *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674.)

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

DHANIDINA, J.

We concur:

EDMON, P. J.          EGERTON, J.

8