[No. A044020. First Dist., Div. Five. Mar. 29, 1989.]

EDWARD McALPINE et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
CHRISTOPHER FRANCOIS, Real Party in Interest.

**COUNSEL**

Ronni Jackl, Todd Boley and Edwin J. Wilson, Jr., for Petitioners.

No appearance for Respondent.

Kyle Gee and Henrikson & Gee for Real Party in Interest.

**OPINION**

**LOW, P. J.**—Government Code section 945.3 tolls the statute of limitations on government tort actions while related criminal charges are pending against a plaintiff. We hold that for the purposes of the statute, criminal charges are "pending" until the date of judgment, not the date of conviction.

Petitioners City of Berkeley and Berkeley Police Officers McAlpine and Nelson (collectively City) are defendants in a tort action brought by real party in interest Christopher Francois, for personal injuries sustained from a gunshot wound suffered during an encounter with Officer McAlpine. City demurred to Francois's complaint on the ground that the action was barred by the six-month statute of limitations of Government Code section 945.6, subdivision (a)(1).[1] The trial court overruled the demurrer, agreeing with Francois that the statute of limitations had been tolled by section 945.3 and that Francois's complaint was timely. City contends the trial court erroneously interpreted the tolling statute and seeks a writ of mandate compelling the court to vacate its order and sustain the demurrer without leave to amend. We issued an order to show cause in lieu of an alternative writ and heard oral argument. We believe the trial court correctly interpreted the statute.

---

[1] All statutory references are to the Government Code unless otherwise indicated.

■ The facts alleged are provisionally accepted as true by virtue of City's demurrer. (*Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 162, fn. 2 [216 Cal.Rptr. 661, 703 P.2d 1].) On September 5, 1986, Officer McAlpine stopped a motorcycle because its driver and passenger, Karlos Hill and Francois, matched a citizen's description of recent robbery suspects. Although the citizen supposedly did not report that the robbers had used a firearm, McAlpine—who was working alone—nevertheless approached the motorcycle with his gun drawn and instructed the suspects to keep their hands in view. Hill drove away from the scene of the stop; although neither Hill nor Francois was armed or had made a threatening move toward McAlpine, the officer "suddenly and rapidly, and without verbal challenge, emptied his revolver" at Hill and Francois, killing Hill and wounding Francois in the back. The complaint accuses McAlpine of intentionally wounding Francois and of violating Berkeley's rules on the use of lethal force by police. The complaint alleges that Nelson and Berkeley negligently supervised McAlpine and failed to have a "defined policy or procedure for felony or other stops for officers working alone."

Three days after the shooting incident, on September 8, 1986, a criminal complaint was filed against Francois charging him with armed robbery, attempted robbery, and auto theft. Meanwhile, Francois filed a tort claim against City on December 12, 1986. Notice of denial of the claim was mailed to Francois on January 6, 1987. Under section 945.6, subdivision (a)(1), the mailing of the written denial notice automatically triggered the six-month statute of limitations for a tort action against City.

Francois's ability to bring a tort action was temporarily stalled, however, by the pendency of the criminal proceedings. Section 945.3 provides, in part, that "[n]o person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct . . . for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, *while the charges against the accused are pending* before a justice, municipal or superior court." (Italics added.)

On February 24, 1987, Francois entered a nolo contendere plea to armed robbery and attempted robbery before the municipal court sitting as magistrate. (Pen. Code, § 859a.) The court found Francois guilty based on the plea, and the matter was certified to superior court for sentence and judgment. (A plea of nolo contendere is the functional equivalent of a plea of guilty for purposes of the criminal law [Pen. Code, § 1016, subd. 3].) On

May 29, 1987, the superior court sentenced Francois to five years probation with a year in county jail.

On September 8, 1987, Francois commenced his tort litigation against City by filing an action in the United States District Court for the Northern District of California. The federal complaint alleged all the causes of action in the current state complaint as well as additional causes of action based on federal law. On April 15, 1988, the instant complaint was filed in Alameda County Superior Court; the federal action was dismissed three days later.

City demurred on the ground that Francois's lawsuit was untimely. City contended that the criminal charges were only "pending" within the meaning of section 945.3 until the date of conviction, i.e., the February 24, 1987, entry of the nolo plea. If the charges were no longer pending as of that date, the six-month statute of limitations of section 945.6, subdivision (a)(1) would have been triggered and would have expired August 24, 1987, before either Francois's federal or state actions were filed.

Francois responded that the criminal charges were "pending" within the meaning of section 945.3 until the date of sentencing, May 29, 1987, thus extending the six-month limitations period until November 29, 1987. Francois then argued that under the doctrine of equitable tolling, the September 1987 federal filing further tolled the statute of limitations on the state complaint. ■ Under the equitable tolling doctrine, an alternative remedy pursued during the limitations period, such as a timely filed federal action, will toll the statute of limitations. (See *Addison* v. *State of California* (1978) 21 Cal.3d 313, 319 [146 Cal.Rptr. 224, 578 P.2d 941]; *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399].) Francois argued that his federal action was filed within the six-month period dating from the date of sentencing and its pendency tolled the statute of limitations until the date the state complaint was filed in April 1988.

The trial court overruled the demurrer, concluding that criminal charges are "pending" until "the judgment is finally entered in a criminal case, which is at the time of sentencing, and the plea bargain, if any there was, has been consummated." Under Francois's reading of the statute, his state complaint is timely under the conjunctive operation of section 945.3 and the doctrine of equitable tolling. Under City's reading, the federal complaint was untimely and the doctrine of equitable tolling inapplicable; thus, Francois's complaint is not timely and subject to demurrer.[2]

---

[2] The doctrine of equitable tolling requires not only that plaintiff has timely filed his alternative remedy, but also that in so doing he acted reasonably and in good faith. (See *Addison* v. *State of California, supra,* 21 Cal.3d at p. 319.) City argued against the application of equitable tolling on both grounds in the trial court, but has failed to raise the latter challenge in

■ " 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.]' " (*T.M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 277 [204 Cal.Rptr. 143, 682 P.2d 338].) "In determining such intent, the court turns first to the words of the statute." (*Regents of University of California* v. *Public Employment Relations Bd.* (1986) 41 Cal.3d 601, 607 [224 Cal.Rptr. 631, 715 P.2d 590].) ■ City refers us to the wording of section 945.3 and invokes the rule that a statute should be interpreted in accord with the "usual, ordinary meaning of its language unless doing so would undermine its manifest legislative purpose or lead to absurd results." (*People* v. *Young* (1987) 192 Cal.App.3d 812, 816 [237 Cal.Rptr. 703].) Relying on the usual custom of examining the "plain dictionary meaning" of statutory language, City observes that the dictionary meaning of "pending" is "[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment." (Black's Law Dict. (5th ed. 1979) p. 1021, col. 1.) Since the definition of a criminal "charge" is generally phrased in terms of the accusatory pleading (see *op. cit. supra,* at p. 336), City reasons that the charge is no longer pending at the point of "settlement or determination of the accusation," i.e., at the stage of proceedings where the question of guilt or innocence of the charges is resolved. ■ Guilt is determined by verdict or a plea of guilty, which constitutes the conviction of the charges. (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 869 [338 P.2d 182].) ■ City therefore concludes that criminal charges are pending only until conviction by verdict or plea, and not the subsequent pronouncement of judgment and sentence.

City overlooks both an explicit legislative definition of the term "pending" and additional language of section 945.3. Taken together, these two factors undermine City's argument and demonstrate that Francois's position is harmonious with the Legislature's intent. Code of Civil Procedure section 1049 states that an "action is deemed to be pending from the time of its commencement until its final determination upon appeal . . . ." (That code also defines "action"—either civil or criminal—as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, *or the punishment of a public offense*." [Code Civ. Proc., § 22, italics added; see Code Civ. Proc., §§ 30, 31.]) The third paragraph of section 945.3 states that "[f]or the purposes of this section, charges pending before a justice, municipal, or superior court *do not include appeals* . . . ." (Italics added.) By such an exclusion, the Legislature intended the term "pending" to include all proceedings leading to judgment.

this writ proceeding. City rests its equitable tolling argument solely on the question of whether the federal complaint was timely filed. Thus, if Francois's reading of the statute is adopted, the doctrine applies and renders timely the state complaint.

In plain language, the Legislature has limited its general definition of "pending" by the specific exclusion of the appeals period. That leads inescapably to the conclusion that charges are pending up to and including the final appealable judgment. ■ In a criminal case, the judgment is not the conviction but the judgment and sentence; by the entry of an appealable judgment "trial proceedings [are] . . . deemed concluded." (*People* v. *Flores* (1974) 12 Cal.3d 85, 95 [115 Cal.Rptr. 225, 524 P.2d 353].) ■ If we were to accept City's construction of section 945.3, we would not only overlook the plain language of the statute, but construe as surplusage the exclusion of the appeals period. ■ A statute must be construed as a whole while avoiding an interpretation which renders any of its language surplusage. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].)

■ City also supports its interpretation of section 945.3 by reference to Penal Code section 683, which defines "criminal action" as "[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment . . . ." City argues that if the Legislature had intended pendency of criminal charges to terminate at the date of judgment and sentence, it would have used the term "action" in section 945.3 rather than "charges." Because the Legislature defined pendency in terms of "charges," City concludes that charges are pending only until the adjudication of guilt by conviction.

This argument is flawed in two respects. First, it relies on the rule that finds interpretive significance in the Legislature's failure to use a specific term in one statute that it used in another similar statute involving a related subject. (See, e.g., *Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 8 [125 Cal.Rptr. 408].) While the rule is sound it is of dubious applicability here. Section 945.3, a component of the government tort claims statutes, and Penal Code section 683, a definitional prelude to the code sections on general criminal procedure, are not similar statutes involving related subjects. Second, the argument is inconsistent with the Legislature's use of the term "charges" in the appeals provision. Had the Legislature intended that the charges would remain pending only to conviction, it would not have used the phraseology "charges pending . . . do not include appeals," wording which extends pendency up to judgment.

Finally, City advances a policy argument based on legislative history of section 945.3, which is discussed in *Mohlmann* v. *City of Burbank* (1986) 179 Cal.App.3d 1037 [225 Cal.Rptr. 109]. ■ The legislative history establishes that the purpose of section 945.3 was " 'to eliminate the use of civil damage complaints as plea bargaining levers.' " (*Id.,* at p. 1043, quoting Assem. Office of Research mem. dated July 10, 1981.) The Legislature

had concluded that many criminal defendants filed frivolous civil suits against officers involved in their prosecution, and then used the suits as bargaining chips in plea negotiations. Section 945.3 was designed to eliminate this problem by banning suits until the criminal charges were no longer pending.

 City contends the policy behind the statute is fulfilled by an interpretation that charges are only pending until conviction. City argues that once the defendant has negotiated a plea bargain and entered a guilty plea, the value of a civil suit as a bargaining chip disappears and there is no policy ground for extending the "pendency" ban on the suit's commencement until the date of judgment. City's argument does not explain certain references in the legislative history to the intent to ban civil suits pending "final disposition" of the charges. More importantly, City does not adequately address the possibility that a guilty verdict or guilty plea can be set aside.

Between the date of conviction and the date of sentence, a defendant may attack a guilty verdict by a motion for new trial (Pen. Code, §§ 1179, 1181, 1182). Likewise, a defendant who was convicted on a plea of guilty may move to withdraw the plea "at any time before judgment." (Pen. Code, § 1018; see *Johnson* v. *Superior Court* (1981) 121 Cal.App.3d 115 [175 Cal.Rptr. 272].) A guilty plea taken by a magistrate, followed by certification to superior court for judgment and sentence, may also be subject to a motion to withdraw. (Pen. Code, § 859a; *People* v. *Superior Court* (*Barke*) (1976) 64 Cal.App.3d 710, 715-716 [134 Cal.Rptr. 704].) A guilty plea may also be a conditional plea under Penal Code section 1192.5, and thus be subject to withdrawal if the trial court cannot approve the plea bargain in light of information obtained through a presentence investigation or through a diagnostic evaluation under Penal Code section 1203.03. (See also Pen. Code, § 1192.2.) Finally, both a verdict and a guilty plea may be attacked by a motion in arrest of judgment (Pen. Code, § 1185).

Given the many slips 'twixt the cup of conviction and the lip of judgment, it is logical to assume the Legislature intended that the ban on defendants' civil suits be extended to the point at which the conviction has concluded in a judgment. The legislative policy of preventing the bargaining use of civil suits would be best suited by adopting the interpretation that a charge is "pending" until the date of judgment.

We hold that criminal charges are "pending" for purposes of section 945.3 until the date of judgment and sentence. Thus Francois's complaint was timely filed and City's demurrer was properly overruled. Accordingly,

the order to show cause is discharged and the petition for writ of mandate is denied.

King, J., and Haning, J., concurred.