[No. F026595. Fifth Dist. Apr. 9, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
SERAFIN AREBALO MARTINEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, IIC, and III.

## COUNSEL

Sylvia Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WISEMAN, J.**—The published portion of this opinion clarifies the meaning of the term "convicted" as used in Evidence Code section 788, which addresses when the credibility of a witness may be attacked. Defendant was convicted by jury of felony driving under the influence the week before his trial in this case. At the time he testified in the case which is the subject of this appeal, sentencing in the earlier case had not yet occurred. The trial court allowed him to be impeached in the new case with the jury conviction even though he had not yet been sentenced on the prior wobbler offense. We conclude this was proper.

Evidence Code section 788 provides that the credibility of a witness may be attacked by showing a witness has been convicted of a felony. We hold the term "convicted" includes otherwise qualifying felony convictions suffered even though sentence has not yet been imposed on the charge. Further, the fact the felony conviction is a wobbler does not change the result since a wobbler is regarded as a felony for every purpose until judgment is entered.

### PROCEDURAL HISTORY

Serafin Arebalo Martinez (defendant) was charged by information in count one with driving a vehicle while having .08 percent or more of alcohol in his blood in violation of Vehicle Code[1] section 23152, subdivision (b); and in count two with driving a vehicle while under the influence in violation of section 23152, subdivision (a). It was further alleged with

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

respect to both count one and two that defendant had previously suffered four prior separate convictions within the meaning of section 23175, within seven years of the commission of the charged offenses. Defendant was charged in count three with driving when his driving privilege had been suspended and revoked in violation of section 14601.2, subdivision (a). It was alleged with respect to count three that within five years of the charged offense, defendant had two prior convictions within the meaning of section 14601.2, subdivision (d)(2). Finally, it was specially alleged that at the time of the charged offenses, defendant was released from custody in a prior case within the meaning of Penal Code section 12022.1.

Prior to trial, the People moved to dismiss both prior convictions alleged with respect to count three. The motion was granted. The People then moved *in limine* to be permitted to impeach defendant with his felony conviction that occurred the week before his present trial. The court initially denied the motion, but reconsidered its decision and ruled defendant could be impeached with the prior conviction in the event he testified. Defendant's motion to bifurcate the trial on the prior convictions was granted. During voir dire of the jury, defendant made a *Wheeler*[2] motion which was denied.

The jury found defendant guilty as charged and found the allegation under Penal Code section 12022.1 to be true. Defendant then admitted the four prior convictions. The court denied defendant probation and sentenced him to a total of five years eight months in state prison. Defendant filed a timely appeal raising three contentions: (1) The trial court erred in denying his *Wheeler* motion; (2) the trial court erred by allowing him to be impeached with a conviction which was not final; and (3) the definition of reasonable doubt in CALJIC No. 2.90 violated his right to due process.

## FACTUAL HISTORY

On the afternoon of February 26, 1996, Officer Darrell Olivas of the Firebaugh Police Department was dispatched to the vicinity of 13th and P Streets. As he approached P Street Olivas observed a small brown truck come to a stop at the intersection. Olivas testified he saw the vehicle move about two feet as it came to a stop. Olivas observed defendant step out of the driver's side door and begin to walk to the front of the vehicle. Olivas did not see anyone else in the truck. Olivas testified defendant staggered as he walked. When defendant reached the front of the truck, he tried to open the hood, but was unable to do so because it was secured by a piece of rope. At that point, Olivas approached defendant and asked him what was wrong. Olivas testified defendant's eyes were glazed, he had a strong odor of

---

[2] *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].

alcohol on his breath, and his speech was thick and slurred. Olivas looked in the truck and saw an open beer can between the driver and passenger seats and a six-pack of unopened cans on the passenger seat. Olivas testified the keys to the truck were still in the ignition switch.

Based on his observations, Olivas conducted field sobriety tests of defendant. Olivas concluded defendant was intoxicated and transported him to the Firebaugh Police Department where defendant underwent an intoxilyzer test. It was stipulated: (1) The two intoxilyzer tests taken by defendant approximately one hour after he was arrested indicated he had a blood-alcohol level of .30 and .29 percent, respectively; (2) when approached by Olivas defendant's blood-alcohol level was greater than .08 percent; (3) on February 26, 1996, defendant knew his driving privilege had been suspended or revoked; and (4) he was released from custody in People v. Martinez (Super. Ct. Fresno County, No. 559354-6) which was still pending.

Defendant testified through an interpreter that on February 26, 1996, when Olivas approached him, he had not been driving the truck. He admitted he had been drinking that day, but claimed he was a passenger in the truck which was being driven by his friend, Hector Tapia. Defendant had asked Tapia to drive because defendant had been drinking for a week. Defendant stated he and Tapia were on their way to the home of Tapia's aunt in Firebaugh. Tapia was driving and defendant was asleep on the passenger side when defendant felt the truck jerk as they came to a stop. Defendant awoke and Tapia said there was something wrong with the truck. Tapia went to the front of the truck but then disappeared. Defendant testified at that point he got out on the passenger side and tried to push the truck out of the road. Defendant was in the process of attempting to open the hood to see what was wrong when Olivas approached him. Defendant claimed that when he woke up, he looked for the keys to the truck but could not find them.

During cross-examination defendant admitted he had been convicted of a felony the previous week.

DISCUSSION

I. *The Wheeler motion**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II. *Impeachment with a prior conviction*

▆▆▆  Defendant levels a two-pronged attack on the trial court's ruling that he could be impeached with his prior conviction for felony driving

---

*See footnote, *ante*, page 1454.

under the influence. First, he contends the prior conviction was not final at the time of his trial on the present charges because he had not yet been sentenced. Defendant argues that a guilty verdict does not constitute a conviction. Rather, defendant contends he had not been "convicted" of a felony until a guilty verdict was rendered and a sentence imposed. Second, defendant claims that even if his conviction was final, the trial court erred in allowing the People to impeach him with it based on Evidence Code section 352.[6] Defendant asserts the prejudicial effect of this prior conviction far outweighed any probative value it may have had because it involved the same offense with which he was charged. Defendant also argues that the potential for the jury to misuse the evidence of the prior conviction was exacerbated by the People's emphasis on it during closing argument. Defendant's argument fails on both counts.

## A. *Standard of review*

■ "Broadly speaking, an appellate court reviews any ruling by a trial court as to the admissibility of evidence for abuse of discretion. [Citation.]" (*People* v. *Alvarez* (1996) 14 Cal.4th 155, 201 [58 Cal.Rptr.2d 385, 926 P.2d 365]; see *People* v. *Davis* (1995) 10 Cal.4th 463, 530 [41 Cal.Rptr.2d 826, 896 P.2d 119] [trial court's ruling on impeachment of witness reviewed for an abuse of discretion].) This standard of review is applicable both to a trial court's determination of the relevance of evidence as well as to its determination under Evidence Code section 352 of whether the evidence's probative value is substantially outweighed by its prejudicial effect. (*People* v. *DeJesus* (1995) 38 Cal.App.4th 1, 32 [44 Cal.Rptr.2d 796] ["The issue of the relevance of evidence is left to the sound discretion of the trial court, and the exercise of that discretion will not be reversed absent a showing of abuse. [Citations.] That discretion is only abused where there is a clear showing the trial court exceeded the bounds of reason, all of the circumstances being considered. [Citations.]"]; *People* v. *Cudjo* (1993) 6 Cal.4th 585, 609 [25 Cal.Rptr.2d 390, 863 P.2d 635] [a trial court's ruling on Evidence Code section 352 is reviewed for abuse of discretion].)

## B. *Defendant's prior conviction was "final" for impeachment purposes.*

■ The week before his trial on the charges in the present case, defendant was convicted in a jury trial of felony driving under the influence

---

[6]"The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.)

with previous multiple convictions. However, at the time of his trial defendant had not been sentenced on these charges.[7] When first considering the People's motion *in limine* to impeach defendant with the prior conviction, the trial court expressed reservations because the judgment was not final. "THE COURT: Well, Counsel, is the judgment final then? Judgment has to be final before the conviction, his appeal right; therefore, the Court is going to reconsider and deny your motion for impeachment purposes because judgment is not final." The court later reconsidered its ruling, relying on the decision in *People* v. *Braun* (1939) 14 Cal.2d 1 [92 P.2d 402]. In *Braun*, our Supreme Court held that a witness could be impeached with a prior conviction even though an appeal of the conviction was pending. (*Id.* at p. 6.) However, defendant does not dispute the holding in *Braun*. Instead, he argues there is no "conviction" with which he may be impeached until sentence has been imposed.

Evidence Code section 788 provides, in pertinent part: "For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony . . . ." The express wording of this section raises two interrelated questions with respect to defendant's case. First, at the time of his trial had defendant been "convicted" of another offense, and second, was it a felony conviction?

Evidence Code section 788 does not define what constitutes a "conviction." ▮ Moreover, in California, ". . . the word conviction is and has been used with various meanings. [Citation.]" (*Ready* v. *Grady* (1966) 243 Cal.App.2d 113, 118 [52 Cal.Rptr. 303], fn. omitted.) Generally, conviction has been given one of two meanings. "The term 'conviction' has been used in two different contexts, as constituting an adjudication of guilt and as constituting a final judgment of conviction from which an appeal may be taken. [Citations.] In the statutes which address the civil consequences of a conviction the latter sense has been used. [Citations.]" (*Padilla* v. *State Personnel Bd.* (1992) 8 Cal.App.4th 1136, 1142 [10 Cal.Rptr.2d 849].) ▮ The question in defendant's case is which meaning to ascribe to the term "convicted" in Evidence Code section 788—does it refer to an adjudication of guilt or to a final judgment which is appealable? If the term "convicted" refers to the former, defendant did suffer a conviction which could be used to impeach him. On the other hand, if the term "convicted" in

---

[7]In order to establish the fact defendant was not sentenced on the conviction with which he was impeached until after his trial on the subject charges, he has requested we take judicial notice of the minute order in Fresno County Superior Court case People v. Martinez, *supra*, No. 55934-6. The request involves material that we may take judicial notice of under Evidence Code sections 452, subdivision (d), and 459. Therefore, the request is granted.

Evidence Code section 788 refers to a final judgment which is appealable, defendant was not subject to impeachment with the prior offense because it was not yet appealable.

As pointed out by the People, the California Supreme Court addressed a very similar issue in *People* v. *Ward* (1901) 134 Cal. 301 [66 P. 372]. In *Ward*, a witness for the defendant was asked on cross-examination if he had been convicted of a felony. He had been found guilty of a felony by a jury, but had not yet been sentenced. (*Id.* at p. 307.) On appeal the court held the witness had suffered a conviction with which he could be impeached. "That such verdict does constitute a conviction, within the ordinary as well as the technical meaning of the word, seems to be well settled." (*Ibid.*) The court found the reference to a conviction in the Penal Code was to the finding of guilt. "The words 'convict' and 'conviction' are used in the Penal Code in the sense above stated. 'A general verdict upon a plea of not guilty is either "guilty" or "not guilty," which imports a conviction or acquittal of the offense charged in the indictment.' [Citation.]" (134 Cal. at p. 308.) Although decided in 1901, there has been no decision which overruled or undermined the court's reasoning in *Ward*. To the contrary, *Ward* has been followed in cases interpreting the meaning of the term conviction in the context of a criminal proceeding. "Conviction does not mean the judgment based upon the verdict, but it is the verdict itself. [Citation.] It is the ascertainment of guilt by the trial court. [Citation.] A person has been convicted even though the judgment should be suspended during appeal [citation] or while the convict is on probation. [Citation.] . . . A judgment though not final may be proved for any purpose for which it is effectual. [Citations.]" (*People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758]; see *Ready* v. *Grady, supra,* 243 Cal.App.2d at pp. 118-119 ["Both federal and state courts have held that a plea or finding of guilty constitutes a conviction within the meaning of statutes, the applicability of which depends on prior offenses. [Citations.]"]; *People* v. *Samarjian* (1966) 240 Cal.App.2d 13, 23 [49 Cal.Rptr. 180].)

Defendant cites *People* v. *Summerville* (1995) 34 Cal.App.4th 1062 [40 Cal.Rptr.2d 683], *McAlpine* v. *Superior Court* (1989) 209 Cal.App.3d 1 [257 Cal.Rptr. 32], and *People* v. *Flores* (1974) 12 Cal.3d 85 [115 Cal.Rptr. 225, 524 P.2d 353], as authority for his claim that he could not have suffered an impeachable conviction until he had been sentenced. Examination of these cases discloses they are inapposite to defendant's case.

In *Flores,* the issue was whether the trial court's failure to fix the degree of the defendant's crime required a finding that it was of a lesser degree. (12 Cal.3d at p. 93.) It was in this context that the court stated: "When the

Legislature has directed that an order granting probation may be deemed a 'final judgment' from which an appeal may be taken [citation], it must follow that trial proceedings were to be deemed concluded with the granting of that 'final judgment' order." (*Id.* at p. 95.)

In *Summerville,* the issue was whether collateral estoppel precluded the defendant's conviction for murder in the second degree on a theory of aiding and abetting after the principal was convicted of first degree murder. (*People v. Summerville, supra,* 34 Cal.App.4th at p. 1065.) The court's only comment concerning the nature of a conviction was in determining whether the defendant's coaccused's conviction was a final judgment on the merits to which collateral estoppel would apply. "First, as [the coaccused's] appeal is still pending, there is no final judgment on the merits." (*Id.* at p. 1068.)

Finally, *McAlpine* involved a tort action brought against McAlpine, a police officer, and the city, by an individual shot by McAlpine in the course of his arrest as a robbery suspect. (*McAlpine* v. *Superior Court, supra,* 209 Cal.App.3d at pp. 4-5.) The issue was what the term "pending" in Government Code section 945.3 means. The section states: " 'No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct . . . for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, *while the charges against the accused are pending* before a justice, municipal or superior court.' " (209 Cal.App.3d at p. 4.) The court looked at the legislative definition of pending and the language of the section to determine what it meant. (*Id.* at p. 6.)

"Code of Civil Procedure section 1049 states that an 'action is deemed to be pending from the time of its commencement until its final determination upon appeal . . . .' [Citation.] . . . The third paragraph of section 945.3 states that '[f]or the purposes of this section, charges pending before a justice, municipal, or superior court *do not include appeals . . . .*' (Italics added.) By such an exclusion, the Legislature intended the term 'pending' to include all proceedings leading to judgment.

"In plain language, the Legislature has limited its general definition of 'pending' by the specific exclusion of the appeals period. That leads inescapably to the conclusion that charges are pending up to and including the final appealable judgment. In a criminal case, the judgment is not the conviction but the judgment and sentence; by the entry of an appealable judgment 'trial proceedings [are] . . . deemed concluded.' [Citation.]" (209

Cal.App.3d at pp. 6-7.) The court's decision was specifically based on its interpretation of legislative intent with respect to section 945.3: "Given the many slips 'twixt the cup of conviction and the lip of judgment, it is logical to assume the Legislature intended that the ban on defendants' civil suits be extended to the point at which the conviction has concluded in a judgment. The legislative policy of preventing the bargaining use of civil suits would be best suited by adopting the interpretation that a charge is 'pending' until the date of judgment." (209 Cal.App.3d at p. 8.)

None of the cases cited by defendant diminish the holding in *People* v. *Ward, supra*, 134 Cal. 301. Therefore, at the time of his trial on the charges which are the subject of this appeal, defendant had previously been convicted within the meaning of Evidence Code section 788. However, that does not end our inquiry since we must still determine whether defendant's conviction was for a felony.

Defendant's previous conviction was for a violation of section 23152, with three or more prior offenses as defined in section 23175. Section 23175, subdivision (a) provides in pertinent part: "(a) If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three or more separate violations of Section 23103 . . . that person shall be punished by imprisonment in the state prison, or in the county jail for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000). . . ." Thus, defendant's crime could be a felony or misdemeanor depending on the sentence imposed.

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(1) After a judgment imposing a punishment other than imprisonment in the state prison. . . ." (Pen. Code, § 17, subd. (b).)

In *People* v. *Hamilton* (1948) 33 Cal.2d 45 [198 P.2d 873], our Supreme Court addressed a case similar to that of defendant. In *Hamilton*, during cross-examination the defendant was impeached with a prior conviction for second degree burglary. The sentence imposed for the offense was imprisonment in the county jail for six months. (*Id.* at p. 49.) On appeal, the court held it was error to permit the defendant to be impeached with the prior conviction because it did not amount to a felony. In reaching this conclusion, the court stated it was necessary to consider the sentence imposed *in that case* because the offense for which the defendant was convicted could be

either a felony or misdemeanor, depending on the sentence. "As to a crime which may be either a misdemeanor or a felony, depending upon the punishment imposed therefor (Pen. Code, § 17), it is the punishment specified by the sentence which determines the character of the crime 'for all purposes' [citation] including that of impeachment. [Citations.]" (*Id.* at p. 50.)

There is, however, a significant distinction between defendant's case and *People* v. *Hamilton, supra,* 33 Cal.2d 45. In *Hamilton,* the defendant had been sentenced for the previous offense at the time of his subsequent trial. Therefore, the punishment imposed for the previous offense established unequivocally that it was a misdemeanor. In defendant's case, although he had been found guilty of the prior offense, he had not yet been sentenced. The issue then becomes: When a defendant has been found guilty of a crime which may be punished as a felony or misdemeanor, prior to imposition of sentence is the crime treated as a felony or misdemeanor? The answer can be found in *People* v. *Samarjian, supra,* 240 Cal.App.2d 13.

In *Samarjian,* a defense witness was impeached on cross-examination with a prior conviction for conspiracy to commit grand theft and receiving stolen property. The witness did not serve any time in and had not been sentenced to state prison as a result of the conviction. (*People* v. *Samarjian, supra,* 240 Cal.App.2d at pp. 22-23.) On appeal, the defendant claimed it was error to permit impeachment of the witness because he had not been convicted of a felony.

The court held there was no error because there was no evidence the witness's offense had been reduced to a misdemeanor as a result of the sentence imposed. ■ "The general rule as set out in 1 Witkin, California Crimes (1963) section 41, at page 44, is that where the offense is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose until judgment. The judge can make it a misdemeanor by a misdemeanor sentence, but if no judgment is pronounced it remains a felony. [Citations.] . . . 'The necessary inference to be drawn from the language of section 17 of the Penal Code that "when a crime [is] punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes *after a judgment imposing a punishment other than imprisonment in the state prison,*" is that *the offense remains a felony* except when the discretion is actually exercised and the prisoner is punished only by a fine or imprisonment in a county jail.' " (*People* v. *Samarjian, supra,* 240 Cal.App.2d at p. 23; accord, *Barker* v. *California-Western States Life Ins. Co.* (1967) 252 Cal.App.2d 768, 774 [61 Cal.Rptr. 595]; see *People* v. *Banks* (1959) 53 Cal.2d 370, 381-382 [1 Cal.Rptr. 669, 348 P.2d 102].)

▮ The reasoning of the court in *Samarjian* is sound and applicable to defendant. Therefore, we conclude defendant was convicted of a felony at the time of his trial and was subject to impeachment with this conviction.

C.  *Evidence Code section 352 analysis\**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III.  *CALJIC No. 2.90 correctly defines reasonable doubt.\**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 8, 1998.

---

\*See footnote, *ante*, page 1454.