Filed 11/6/13  Olson v. Gilley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| KIMBERLY R. OLSON, | C068052 |
| Plaintiff and Appellant, | (Super. Ct. No. SC CV CV 10-00896) |
| v. | |
| MIKE GILLEY et al., | |
| Defendants and Respondents. | |

Plaintiff Kimberly R. Olson filed this action claiming law enforcement officers and county officials violated her civil rights when they searched her home without a warrant, seized numerous marijuana plants she grew allegedly pursuant to a doctor's recommendation, and later refused to return her property after criminal charges against her had been resolved.  The trial court sustained a demurrer without leave to amend against plaintiff's first amended complaint, finding plaintiff failed to comply with the claim-filing statute and could not plead sufficient facts.  It entered a judgment of dismissal.

1

Plaintiff appeals, asserting she pleaded sufficient facts to support her causes of action.  With one exception, we disagree with her assertions.  We affirm the trial court's judgment on different grounds, except we reverse as to plaintiff's allegation that officers violated her federal civil rights by the manner in which they searched her home.

FACTS

Because this is an appeal following a successful demurrer, we accept as true all facts properly pleaded in plaintiff's complaint.  We also incorporate any facts of which we may take judicial notice.  (*Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200.)  In order to provide context, we take portions of our statement of facts from, and take judicial notice of, a prior opinion involving plaintiff, *People v. Olson* (Dec. 27, 2010, C064037) [nonpub. opn.] (*Olson*), as well as the record in that appeal and another appeal, *People v. Olson* (Oct. 30, 2006, C051654) [nonpub. opn.].

Plaintiff possesses a recommendation for medical marijuana.  In 2003, law enforcement officials arrested plaintiff for possessing an amount of marijuana and marijuana plants that exceeded her medical needs.  The People charged her with cultivating marijuana, possessing marijuana for sale, selling marijuana, and resisting arrest.  In 2005, a jury convicted her of cultivation, but it acquitted her of all other charges.  The trial court suspended imposition of sentence and placed plaintiff on five years' probation.  As a condition of her probation, the court ordered plaintiff and her residence to be subject to search by a probation or peace officer without a warrant or probable cause.  (*People v. Olson, supra,* C051654.)

Plaintiff appealed her conviction, and we affirmed the judgment in 2006.  In 2007, plaintiff filed a petition for writ of habeas corpus in the trial court.  She alleged her trial counsel rendered ineffective assistance by failing to make a sufficient offer of proof that would allow us to review the court's exclusion of two defense witnesses.  The court denied the petition.  We issued an order to show cause on August 6, 2007, returnable before the trial court.  (*In re Olson* (Aug. 6, 2007, C055300) [nonpub. opn.].)

2

On August 4, 2007, two days before we issued our order to show cause, law enforcement officials conducted a warrantless search of plaintiff's residence. Siskiyou County Sheriff's Deputies Mike Gilley, Dennis Ford, and Darrel Lemos participated in the search, as did "several other law enforcement personnel." Plaintiff alleges the deputies were dressed in full combat fatigues and carried military gear and assault weapons. They held her "hostage" in her home. Plaintiff presented the deputies with copies of her medical marijuana recommendations, which she claims authorized her to possess and maintain all of the marijuana plants she kept. However, the deputies confiscated all of her marijuana plants along with items she used to cultivate and process marijuana. In a later motion for return of her property, plaintiff asserted the deputies had confiscated 76 starter marijuana plants, eight mature marijuana plants, 22 small plastic pots containing potting soil and fertilizer, and several plastic trays.

The People initiated a violation of probation charge against plaintiff, alleging she was growing too much marijuana for her medical recommendation. Ultimately, this resulted in another criminal case being filed against her (trial court case No. MCYKCRF07-2113) on November 5, 2007.

Plaintiff filed a claim under the Government Claims Act (Gov. Code, § 810 et seq.) with Siskiyou County on November 30, 2007. She alleged the search and seizures at her residence on August 4, 2007, violated her constitutional and civil rights and caused her damages. The claim was rejected by operation of law, and the county notified her of that fact by written notice dated January 17, 2008.

Meanwhile, the trial court issued a writ of habeas corpus granting plaintiff a new trial in her 2003 criminal case. The People appealed and this court affirmed that order. (*In re Olson* (May 20, 2009, C058669) [nonpub. opn.].) In 2009, while the appeal in case No. C058669 was pending, plaintiff and the People attempted to resolve both the 2003 and 2007 criminal cases by a plea bargain. Plaintiff agreed to plead no contest to one misdemeanor count of possession in the 2003 case in exchange for no jail time, fines, or

3

probation, and the remaining charges in the 2003 case and all charges in the 2007 case would be dismissed. Plaintiff would retain the right to file motions for the return of her property that had been confiscated from her home in 2003 and 2007 and which was subject to a preservation order.

In June 2009, the trial court accepted the plea and found plaintiff guilty of misdemeanor possession of marijuana in violation of Health & Safety Code section 11357, subdivision (c). The court also dismissed the remainder of the 2003 charges and all of the 2007 charges. It continued in effect the preservation order so that plaintiff could file motions for return of her property.

In July 2009, plaintiff filed motions for the return of her seized property. The Siskiyou County Counsel, representing Siskiyou County Sheriff Rick Riggins, opposed the motion. Sheriff Riggins, who possessed plaintiff's property, opposed on the basis of Health and Safety Code section 11473, subdivision (a), a statute which requires the destruction of all seized property in an illegal drug case upon conviction of the property's owner.

On August 21, 2009, the trial court initially granted plaintiff's motions for the return of property. The court ordered the return of all "nonorganic" property that had been seized and an amount of marijuana as allowed to plaintiff under the state medical marijuana laws.

District Attorney J. Kirk Andrus filed a motion for reconsideration on August 31, 2009, and the Siskiyou County Counsel filed a motion to vacate the order. On October 22, 2009, the trial court granted the district attorney's motion and ordered all property that had been seized from plaintiff destroyed. However, plaintiff indicated she would withdraw from the plea bargain as a result of this order, as the plea was based on a return of her property. The trial court stayed its order pending further motions by plaintiff. Plaintiff subsequently moved to withdraw her plea, and the trial court denied her motion.

4

In *Olson*, *supra*, C064037, we reversed the trial court's denial and allowed plaintiff to withdraw her plea.

On January 13, 2010, plaintiff filed a second claim under the Government Claims Act with Siskiyou County. This claim alleged the Siskiyou County Sheriff and the Siskiyou County Counsel violated her constitutional rights by interjecting themselves into her legal proceedings to which they were not parties, and by refusing to return her property in the face of the trial court's original grant on August 21, 2009, of her motion for return of property. Plaintiff alleged she suffered damages from these actions.

On January 20, 2010, Siskiyou County notified plaintiff that her 2010 claim suffered from various deficiencies. Plaintiff did not file an amended claim, and the county informed her by written notice dated March 30, 2010, that her 2010 claim had been rejected by operation of law.

Plaintiff filed a complaint on June 28, 2010, against Deputy Sheriffs Gilley, Lemos, and Ford, Sheriff Riggins, and District Attorney Andrus. Following a successful demurrer, plaintiff filed a first amended complaint on November 9, 2010. She named the same parties as defendants, and added as defendants Siskiyou County and the Siskiyou County Sheriff's Department. She alleged the defendants had wrongfully searched her home on August 4, 2007, and they had seized all of her marijuana plants under a county policy that limited her to possessing six mature plants or 12 immature plants, allegedly in violation of her medical recommendation and state law that allowed her to possess additional plants. She sought damages arising from the search of her residence, and from the county sheriff's refusal to return her property following the trial court's initial grant of her motion to return property. She sought recovery under the federal Civil Rights Act (42 U.S.C. §§ 1983, 1985) and the state Bane Civil Rights Act (Civ. Code, § 52.1) for violations of her federal and state constitutional rights. She also sought recovery under the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.

5

(RICO)), and under the tort of conversion. In addition, she sought declaratory and injunctive relief.

Deputy Gilley and District Attorney Andrus, the only parties that were served with a summons and complaint, filed a demurrer and motion to strike against the first amended complaint. The trial court sustained the demurrer without leave to amend. It ruled plaintiff could not recover anything based on her January 2010 government claim because the claim did not comply with the requirements of the Government Claims Act, and because the August 21, 2009, court order on which plaintiff based her claim had been revoked and there was no valid order requiring any of the defendants to return her property.

The court also ruled plaintiff could not recover on her claims based on the August 2007 search of her residence because the defendants, acting within the scope of their authority, applied the standard then set forth in Health and Safety Code section 11362.77 in determining plaintiff possessed more marijuana than legally allowed for a medical marijuana patient, and they acted in compliance with law at the time of the seizure.

Plaintiff contends on appeal the trial court erred in sustaining the demurrer without leave to amend.

DISCUSSION

I

*Standard of Review*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Courts must also consider judicially noticed matters. (*Ibid.*) In addition, we give the complaint a reasonable interpretation, and read it in context. (*Ibid.*) If the trial court has sustained the demurer, we determine whether the complaint states facts sufficient to state a cause of action. If the court sustained the demurrer without leave to amend, as

6

here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  (*Ibid.*)  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  (*Ibid.*)  The plaintiff has the burden of proving that an amendment would cure the defect.  (*Ibid.*)"  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

## II

### *Federal Civil Rights Claims*

Plaintiff seeks to recover damages under the federal Civil Rights Act (42 U.S.C. § 1983 et seq. (hereafter section 1983)) for violations of her federal constitutional rights. Her first amended complaint alleges defendants committed an unreasonable search and seizure in August 2007 in violation of the Fourth Amendment and pursuant to an arbitrary policy adopted by the Siskiyou County District Attorney and the Siskiyou County Sheriff, deprived her of property without due process of law in violation of the Fourteenth Amendment, and unlawfully discriminated against her on account of her being disabled and a medical marijuana patient in violation of the Fourteenth Amendment.

Defendants argue plaintiff's federal civil rights claims are barred under the statute of limitations, and that the claims were not tolled under either Government Code section 945.3 or the doctrine of equitable tolling.  Even if the complaint was timely filed, defendants claim they were protected from liability as a matter of law by qualified immunity.  They also assert their seizure and retention of plaintiff's marijuana plants and other equipment as a matter of law did not offend her constitutional rights to due process.

Initially, we quickly resolve plaintiff's federal civil rights cause of action against the district attorney.  A prosecuting attorney acting as an advocate, such as plaintiff alleged the district attorney did here, is absolutely immune from section 1983 liability.

(*Imbler v. Pachtman* (1976) 424 U.S. 409, 427 [47 L.Ed.2d 128, 142].) The trial court properly dismissed plaintiff's federal civil rights claims against the district attorney.

We are thus left to address plaintiff's federal civil rights contentions against Deputy Gilley. We conclude the complaint against Deputy Gilley was timely filed. However, we conclude Deputy Gilley is immune from section 1983 liability in this instance under the doctrine of qualified immunity except so far as the complaint alleges he and the other deputies conducted their otherwise lawful search in an unreasonable manner.

A.      *Statute of limitations*

Plaintiff's federal civil rights cause of action against Deputy Gilley was timely filed. The cause of action against the deputy sheriffs was timely filed as a result of being tolled while plaintiff's 2007 criminal matter was pending.[1]

The state personal injury statute of limitations applies to federal civil rights claims. (*Wilson v. Garcia* (1985) 471 U.S. 261, 280 [85 L.Ed.2d 254, 269].) In California, such actions are governed by a two-year statute of limitations. (Code Civ. Proc., § 335.1.) The action generally accrues and the statute begins to run when the plaintiff suffers the deprivation of rights, even if the plaintiff is unaware that the harm is the result of unconstitutional action. (*Lukovsky v. City & County of San Francisco* (9th Cir. 2008) 535 F.3d 1044, 1049-1050.)

The statute of limitations may be tolled under state tolling statutes and doctrines as long as they are consistent with federal policy. (*Hardin v. Straub* (1989) 490 U.S. 536, 542 [104 L.Ed.2d 582, 590.] One such statute is Government Code section 945.3. (*Harding v. Galceran* (9th Cir. 1989) 889 F.2d 906, 908-909.) Under Government section 945.3, a civil claim for damages against a peace officer by a person charged with

---

[1]      Federal civil rights claims are not subject to the claim filing requirement of the Government Claims Act. (*Williams v. Horvath* (1976) 16 Cal.3d 834, 841.)

8

a criminal offense is tolled while the charges against the accused are pending in superior court if the civil claim is based on the officer's conduct relating to the offense for which the accused is charged. (Gov. Code § 945.3.) Charges are pending until the date of judgment and sentence; they are not pending during an appeal. (*McAlpine v. Superior Court* (1989) 209 Cal.App.3d 1, 7; Gov. Code, § 945.3.)

Under these rules, plaintiff's federal civil rights action was timely filed against Deputy Gilley. The cause of action accrued upon the completion of the search and seizure of plaintiff's home on August 4, 2007. However, plaintiff's action against Deputy Gilley is based on the deputies' conduct relating to the criminal offense for which plaintiff was charged – their warrantless and allegedly unreasonable seizure of marijuana plants resulting in her second criminal complaint for possession and cultivation. Accordingly, the statute of limitations on her federal civil rights claim against Deputy Gilley was tolled under Government Code section 945.3 from the filing of the criminal complaint against plaintiff, November 5, 2007, some three months after the search and accrual of her section 1983 claim, until the date of judgment and sentence on the criminal complaint. Judgment and sentence were pronounced no sooner than the date the trial court accepted plaintiff's plea bargain in June 2009. Plaintiff filed her complaint in this matter approximately one year later, in June 2010. Thus, when the time the cause of action was tolled is excluded, plaintiff filed her complaint against Deputy Gilley within two years of the date her federal civil rights cause of action accrued.

Deputy Gilley argues Government Code section 945.3 does not apply here. He claims the statute tolls only those claims the determination of which would involve issues in the criminal proceedings. He relies on *Cabrera v. City of Huntington Park* (9th Cir. 1998) 159 F.3d 374, 379-381 (*Cabrera*), and its supporting authority, *Heck v. Humphrey* (1994) 512 U.S. 477, 486-487 [129 L.Ed.2d 383, 394-395] (*Heck*), to make this claim. Those cases, however, do not apply. *Cabrera* and *Heck* concern when a section 1983 cause of action accrues and the statute of limitations begins to run, a matter of federal

9

law. (*Cabrera, supra*, 159 F.3d at p. 379.) This case concerns when the statute of limitations is tolled, a matter of state law. (*Wallace v. Kato* (2007) 549 U.S. 384, 394 [166 L.Ed.2d 973, 984.)

And under state law, the statute of limitations in any action for money or damages against a peace officer "based upon conduct of the peace officer relating to the offense for which the accused is charged . . . shall be tolled during the period that the charges are pending before a superior court." (Gov. Code, § 945.3.) Plaintiff's action against Deputy Gilley is based upon his conduct that led to her being charged in 2007. Her action thus was tolled while the criminal action was pending, and as a result, her complaint was not time-barred.

B.    *Qualified immunity*

Deputy Gilley contends that even if the federal civil rights action was not barred by the statute of limitations, the trial court nonetheless correctly sustained his demurrer because he was entitled to qualified immunity as a matter of law. We agree in part.

Under the qualified immunity defense, government officials performing discretionary functions generally are shielded from liability under section 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818 & fn. 30 [73 L.Ed.2d 396, 410 & fn. 30.)

To determine if an official is entitled to qualified immunity, we must decide (1) whether the facts alleged purport to show that the official's conduct violated a constitutional right; and (2) whether the right was clearly established in light of the specific context of the case. (*Pearson v. Callahan* (2009) 555 U.S. 223, 236 [172 L.Ed.2d 565, 576]; *Saucier v. Katz* (2001) 533 U.S. 194, 201 [150 L.Ed.2d 272, 281].) The less the right is clearly established, the more likely the defendant is entitled to qualified immunity. (See *Wilson v. Layne* (1999) 526 U.S. 603, 618 [143 L.Ed.2d 818, 832].)

10

Of course, the plaintiff must allege the official's conduct in fact deprived her of a constitutional right. Without such allegations, the court need not inquire whether the right was clearly established at the time of the violation. (*Conn v. Gabbert* (1999) 526 U.S. 286, 290 [143 L.Ed.2d 399, 405].) Officers are entitled to qualified immunity if their conduct did not violate plaintiff's constitutional rights. (See *Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 121.)

Plaintiff claims Deputy Gilley and the other deputies violated her Fourth Amendment rights by searching her home without a warrant. She also claims the deputies, wearing full combat fatigues and carrying military gear and assault weapons, conducted the search in an unreasonable manner and held her hostage. She further claims the deputies violated her Fourth, Fifth, and Fourteenth Amendment rights, individually and as part of a conspiracy, by seizing and destroying her marijuana under an arbitrary County policy that allegedly conflicted with her right under state law to possess all of the plants that were seized. Plaintiff also asserts the deputies' actions were based on an unlawfully discriminatory animus against her as a disabled person and a qualified medical marijuana patient.

In this instance, plaintiff's allegations do not state a claim that she was deprived of a constitutional right except her allegation that the manner in which the search was conducted was unreasonable.

Deputy Gilley did not violate plaintiff's Fourth Amendment rights when he searched plaintiff's home without a warrant. At the time of the search, August 4, 2007, plaintiff was still on searchable probation from her 2003 conviction of cultivation. A probation search condition is a complete waiver of the probationer's Fourth Amendment rights save only the right to object to harassment or to searches conducted in an unreasonable manner. (*People v. Bravo* (1987) 43 Cal.3d 600, 607.) A warrant was not required before law enforcement officers searched her home.

11

Deputy Gilley also did not violate plaintiff's constitutional rights when he and the other deputies seized all of plaintiff's marijuana plants pursuant to an alleged County policy that limited the number of plants she could possess. The alleged policy was not arbitrary, but was in fact a requirement at that time under Health and Safety Code section 11362.77. Health and Safety Code section 11362.77, subdivision (a), allowed a person with a doctor's recommendation to possess no more than eight ounces of dried marijuana, and to maintain no more than six mature or 12 immature marijuana plants. (Health & Saf. Code, § 11362.77, subd. (a).) If a doctor determined the limitation on the amount of marijuana a person could possess did not meet the person's medical needs, the doctor could allow the person to possess more marijuana than the statutory limit permitted, up to an amount consistent with the person's needs. (Health & Saf. Code, § 11362.77, subd. (b).)

Although the possession limits were later struck down as an unconstitutional amendment of an initiative statute *(People v. Kelly* (2010) 47 Cal.4th 1008, 1043-1046), they were in force at the time of the search, and the sheriff's deputies were not required to determine whether the law they were enforcing at that time was constitutional. An officer who reasonably relies on the Legislature's determination that a statute the officer is enforcing is constitutional is shielded from section 1983 liability under the doctrine of qualified immunity. (*Grossman v. City of Portland* (9th Cir. 1994) 33 F.3d 1200, 1209.)

Plaintiff asserts she nonetheless was authorized to possess more marijuana than Health and Safety Code section 11362.77, subdivision (a), allowed under an exception in section Health and Safety Code section 11362.77, subdivision (b). That subdivision, however, does not apply here. Subdivision (b) allows a doctor to recommend a patient possess more marijuana than subdivision (a) allows. This exception applies only to the amount of *dried* marijuana a person may possess, not the number of marijuana *plants* a person may maintain. (*People v. Kelly, supra,* 47 Cal.4th at p. 1043, fn. 60.) Plaintiff asserted the deputies confiscated 76 starter marijuana plants and eight mature marijuana

plants when they searched her home, well in excess of the six mature or 12 immature plants the law authorized her to possess. Obviously, Deputy Gilley and the other deputies did not act pursuant to an arbitrary policy when they seized plaintiff's marijuana plants. They complied with a statutory policy then presumed to be constitutional, and they are immune from liability under section 1983 for complying with that policy.

Plaintiff claims Deputy Gilley violated her constitutional rights by searching her home and seizing her property in disregard of her status as a qualified medical marijuana patient legally cultivating marijuana pursuant to Health and Safety Code sections 11362.5 and 11362.7 et seq., and by discriminating against her because of her status as a law-abiding medical marijuana patient. She is incorrect. Her status as a qualified medical marijuana patient did not immunize her from a probation search. A probation or parole search may be made without reasonable suspicion. (*People v. Reyes* (1998) 19 Cal.4th 743, 753.)

Plaintiff claims Deputy Gilley and the other deputies violated her equal protection rights by seizing her property when they knew her cultivation of marijuana was legal. But this argument makes a false assumption. Based on the law they were enforcing, the deputies knew plaintiff's cultivation of excessive marijuana plants was *not* legal, and thus they acted to enforce the law. There are no allegations that the officers purposefully applied the law unequally to her (see *Wade v. City & County of San Francisco* (1947) 82 Cal.App.2d 337, 339), and thus there is no successful allegation of a violation of equal protection rights.

The only ground that possibly states a claim for section 1983 liability against Deputy Gilley and the other deputies concerns the manner in which they conducted the search and seizure. Plaintiff alleged a number of law enforcement personnel arrived to perform the search, dressed in military gear and carrying assault weapons, and they "held her hostage in her own home." She alleged these acts violated her Fourth Amendment right to be free of unreasonable searches and seizures.

13

The use of unreasonable force is grounds for an action under section 1983, subject to an officer's demonstration of entitlement to qualified immunity under the circumstances. (*Motley v. Parks* (9th Cir. 2005) 432 F.3d 1072, 1088-1089, overruled on another ground in *United States v. King* (9th Cir. 2012) 687 F.3d 1189.) Whether deputies were entitled to qualified immunity under section 1983 regarding the manner of their search, however, is primarily a factual question. (*Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 840.) In this case, the trier of fact in determining the reasonableness of Deputy Gilley's search and seizure would have to " 'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.' [Citation.]" (*Scott v. Harris* (2007) 550 U.S. 372, 383 [167 L.Ed.2d 686, 696].) Ruling on the sustaining of a demurrer, we have insufficient facts to perform this analysis, and we leave it for the trial court to decide upon a sufficient evidentiary showing. The sustaining of the demurrer on this, and only this, single ground of liability under section 1983 is reversed.

III

*RICO Cause of Action*

Plaintiff asserts the defendants' actions constituted a criminal enterprise in violation of RICO. Plaintiff fails to plead a viable cause of action.

RICO provides a private civil action to recover treble damages for injuries arising "by reason of a violation of" its substantive provisions. (18 U.S.C. § 1964(c).) "RICO takes aim at 'racketeering activity,' which it defines as any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law. ([18 U.S.C.] § 1961(1).) Section 1962 [of title 18 of the United States Code], entitled 'Prohibited Activities,' outlaws [1] the use of income derived from a 'pattern of

14

racketeering activity' to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce; [2] the acquisition or maintenance of any interest in an enterprise 'through' a pattern of racketeering activity; [3] conducting or participating in the conduct of an enterprise through a pattern of racketeering activity; and [4] conspiring to violate any of these provisions." (*Sedima, S.P.R.L. v. Imrex Co.* (1985) 473 U.S. 479, 481-483 [87 L.Ed.2d 346, 350] (*Sedima*), fns. omitted.)

Plaintiff alleges the defendants' warrantless search of her home and seizure of her marijuana plants violated RICO because they were part of "an ongoing criminal enterprise by defendants as manifested by their repeated illegal seizure, theft, and conversion of medical marijuana, and medical marijuana plants belonging to qualified patients within Siskiyou County." This allegation does not plead a violation of RICO.

To plead a violation of RICO, plaintiff must allege the defendants, among other things, engaged in a pattern of specified criminal activities. The predicate acts which give rise to RICO liability "involve conduct that is 'chargeable' or 'indictable,' and '[offenses]' that are 'punishable,' under various criminal statutes. ([18 U.S.C.] § 1961(1).)" (*Sedima, supra,* 473 U.S. at p. 488.)

Plaintiff has not alleged the defendants engaged in any criminal conduct that is addressed in RICO. She alleges the search of her home and seizure of her plants violated her constitutional rights, but such a search and seizure are not criminal acts. Her home was lawfully searched without a warrant as a probation search, and her property was seized lawfully under a statute that prohibited plaintiff from possessing the number of plants she possessed. RICO simply does not apply to the facts alleged by plaintiff.

IV

*State Law Causes of Action*

Plaintiff's remaining claims for damages allege violations of state law: the Bane Civil Rights Act and the tort of conversion. These causes of action are subject to the claim filing requirements and immunities of the Government Claims Act. Plaintiff filed

15

two claims, one on November 30, 2007, challenging the August 2007 search of her home, and the other on January 13, 2010, challenging the actions by the Siskiyou County Sheriff and the Siskiyou County Counsel when they filed a motion for reconsideration contesting the trial court's decision to return plaintiff's seized property.  Since neither the county sheriff nor county counsel is before us, we do not address the timeliness of any action against them.  What remains for us to resolve is the timeliness of the action against District Attorney Andrus and Deputy Gilley.  As to these two defendants, we conclude the state law causes of action are time-barred.

Plaintiff filed a claim with Siskiyou County on November 30, 2007, challenging the August 2007 search of her home.  The claim was rejected by operation of law, and the county notified plaintiff of the rejection by notice dated January 17, 2008.  Plaintiff then had six months to file an action based on her claim.  (Gov. Code, § 945.6, subd. (a)(1).)

Plaintiff filed her action on June 28, 2010, well past the expiration of the six-month period.  However, she claims the period was sufficiently tolled as against District Attorney Andrus and Deputy Gilley, the former under the doctrine of equitable tolling, and the latter under Government Code section 945.3, previously discussed.  We disagree with both contentions.

First, the doctrine of equitable tolling did not sufficiently toll the limitations period against the district attorney on any action arising from the 2007 search.  The doctrine of equitable tolling applies when a claimant has several legal remedies and pursues one reasonably and in good faith.  (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100.)  Plaintiff claims her motions for the return of her property qualified under the doctrine and tolled the running of the statute of limitations while the motions were pending.

Assuming only for purposes of argument that her motions for return of property tolled the running of the limitations period, we nevertheless find they were filed too late to preserve plaintiff's claim.  The statute of limitations on her claim against the district

16

attorney for the 2007 search expired six months after January 17, 2008, the date the county notified plaintiff of her rejected claim. Plaintiff did not file her motions for return of property until July 2009. Any claim she had against the district attorney arising from the 2007 search expired in July 2008, well before the doctrine of equitable tolling would have been triggered.

Second, Government Code section 945.3 did not sufficiently toll the limitations period of any state claim plaintiff had against Deputy Gilley arising from the 2007 search. As already discussed, under Government Code section 945.3, any statute of limitations governing a person's civil claim against a peace officer is tolled while criminal charges are pending against the plaintiff where the claim is based upon the officer's conduct relating to the offense for which the plaintiff is charged. (Gov. Code, § 945.3.) Charges are pending until the date of judgment and sentence; they do not include appeals. (*McAlpine v. Superior Court, supra,* 209 Cal.App.3d at p. 7; Gov. Code, § 945.3.)

Here, plaintiff filed her complaint too late after her criminal charges were dropped. Criminal charges based on the August 2007 search of plaintiff's home were filed on November 5, 2007, about two months before the county rejected plaintiff's claim. The charges were dismissed in June 2009. Plaintiff thus had six months from the time the criminal charges were dismissed to file her civil complaint. She filed the complaint approximately one year later on June 28, 2010. Her state law claims against Deputy Gilley arising from the 2007 search and seizure are thus time-barred.[2]

---

[2] In *Olson*, *supra,* C064037, we ordered the trial court to grant plaintiff's motion to withdraw her plea in the 2007 criminal case and we reinstated that complaint's charges against her. We issued that opinion on December 27, 2010, after plaintiff filed her original complaint in June 2010. The reinstatement of those charges had no effect on the running of the statute of limitations on plaintiff's state law causes of action prior to her filing her complaint.

## DISPOSITION

The judgment of dismissal is reversed only in so far as plaintiff pleaded a violation of her federal civil rights based on the manner in which Deputy Gilley searched her home in August 2007.  In all other respects, the judgment is affirmed.

Costs on appeal shall be borne by the parties.  (Cal. Rules of Court, rule 8.278(a)(3).)


      NICHOLSON    , Acting P. J.


We concur:


      MAURO    , J.


      MURRAY    , J.